Mann v. The State.

2. Acquit-tal, though erroneous, not rever-sible.

---

MANN v. THE STATE.

1. CRIMINAL LAW : *Taking or holding real estate by force: Jurisdiction.*
   By Statute (*Gantt's Digest, Sec.* 1518), it is a misdemeanor to take or hold possession of real estate by force or violence without authority of law; and a Justice of the Peace has jurisdiction of the offense.

2. CRIMINAL PRACTICE : *Bonds for cost in misdemeanors before J. P.*
   A failure of the prosecutor to give bond for cost in a misdemeanor case before a Justice of the Peace, is matter in abatement, and is waived by the defendant pleading not guilty, instead of requiring him by rule to give the bond.

3. SAME : *Judgments against sureties on appeal bond: Scire facias.*
   Previous to the Act of March 15th, 1879 (*Acts of* 1879, *p.* 84), it was error to render judgment against sureties in appeal bonds from in misdemeanor cases from Justice of the Peace.

4. PRACTICE IN SUPREME COURT : *As to error against party not appealing.*
   Judgments, though erroneous, as to parties who do not appeal, will not be reversed upon the appeal of a party as to whom there is no error.

ERROR to *Garland* Circuit Court,
Hon, J. N. CYPERT (on exchange), Circuit Judge.

*C. B. Moore, Attorney-General,* for the appellee.

The prosecutor's bond for costs is discretionary. If magistrate sees fit to try the cause without requiring it to be given, and accused does not object, he cannot raise the objection here.

*Sec.* 1518, *Gantt's Digest,* is plain and unambiguous. It was a misdemeanor, and Justices of the Peace have concurrent jurisdiction in all misdemeanors.

There is *no exception noted—no motion for a new trial—* no bill of exceptions.

ENGLISH, C. J.   It appears from the transcript returned on the writ of error sued out by George W. Mann to the Circuit Court of Garland county in this case, that on the first of February, 1879, Jacob Kempner made complaint on oath before a Justice of the Peace of said county, charging that on that day said George W. Mann committed the offense of taking possession of real estate, by violence, belonging to said Kempner in said county.   That thereupon a warrant of arrest was issued against Mann, and he was brought for trial before the justice on the fifth of the same month, pleaded not guilty, waived a jury, was tried and found guilty by the justice, and fined $50 and costs.

That on the next day he took an appeal to the Circuit Court, by filing in the office of the clerk, a transcript of the warrant of arrest and the judgment of the justice, and executed an appeal bond with G. C. Greenway and P. H. Ellsworth as sureties.   The bond was dated on the fifth and filed in the clerk's office on the sixth of February, 1879.

That on the nineteenth of August, 1879, Mann filed a motion in the Circuit Court to dismiss the case on the grounds:   1st.   That Kempner was prosecutor, and was not required to give bond for costs before the Justice of the

Peace, and gave none. 2nd. That the justice had no jurisdiction of the offense charged.

It does not appear that this motion was ever called up, or decided by the court, and no entry appears to have been made in the case until the August term, 1880, when the case was called, and Mann failing to appear and prosecute his appeal, the judgment of the justice was affirmed, and judgment entered against Mann and his sureties in the appeal bond for the $50 fine and for costs.

Mann, only, brought error.

I. It is made a misdemeanor by Statute ( *Gantt's Digest, Sec.* 1518), to take or keep possession of any real estate by actual force or violence, without authority of law, etc., and the offense is within jurisdiction of a Justice of the Peace.

II. As to the bond for costs, appellant should have prosecuted his appeal, appeared in the Circuit Court, called up his motion to dismiss, and had it ruled upon by the court, which he failed to do.

It may be remarked, however, that if the prosecutor failed to give a bond for cost as required by section 2020 of *Gantt's Dig.*, or was not excused from doing so on affidavit of inability as authorized by *section* 2023, *Ib.*. Mann should have applied to the Justice of the Peace to rule him to give the bond, or to show cause.

The failure to give bond for costs could only be matter in abatement, and was waived by the plea of not guilty. *See cases cited in Rose's Digest, Title Bond for costs.*

III. The Circuit Court erred in rendering judgment against the sureties in the appeal bond without *scire facias*, as required by the Statute in force when the bond was executed. *Gantt's Digest, Secs.* 2112–15. The judgment was, per-

haps, rendered under the Act of March 15th, 1879 (*Acts of 1879, p. 84*), which was passed after the execution of the bond. But the sureties did not join in the writ of error.

As to plaintiff in error the judgment must be affirmed.