## HURLEY *v.* BEVENS.

### Opinion delivered April 22, 1893.

1. *Change of venue—Appeal from magistrate.*
   In a case pending on appeal from a justice of the peace, the circuit court may, upon proper application, order a change of venue.

2. *Application for change—Variance.*
   The fact that the order for a change of venue recites that the change was made on the ground that the minds of the inhabitants of the county "were so prejudiced against the applicant that he could not obtain a fair and impartial trial in said county," while the ground for change of venue stated in his application was "undue prejudice against his cause of action," was immaterial, as the order was amendable.

3. *Practice on appeal—Non-prejudicial error.*
   A judgment erroneous as to parties who do not appeal will not be reversed upon the appeal of a party as to whom there is no error.

Appeal from Hot Spring Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Dr. E. F. Bevens sued R. H. Hurley in a justice's court in Garland county to recover possession of a horse and wagon. Defendant gave bond for the property in the sum of $320 and procured the cause to be transferred to the court of common pleas where judgment was rendered in his favor. Plaintiff appealed to the circuit court and there filed a motion for a change of venue to some other county, on account of "undue prejudice against his cause of action." The court ordered the venue changed to Hot Spring county, on the ground that the minds of the inhabitants of this, Garland, county are so prejudiced against him (plaintiff) that he cannot obtain a fair and impartial trial in said county." Defendant moved to remand the cause upon the ground that the court to which the change of venue was made

had no jurisdiction, which motion was overruled. Judgment was rendered against defendant and his sureties in the sum of $364.50. Defendant alone appealed, and relies upon certain assignments of error which are stated in the opinion.

*Charles D. Greaves* for appellant.

1.    The verdict is excessive.    The detention by Hurley was not wrongful until demand made, and the court erred in allowing damages "from the time the defendant took the property into his possession."    34 Ark. 264; 36 *id.* 260; 51 *id.* 301; 6 *id.* 18; 14 *id.* 603; 101 Mass. 138; 17 Ind. 391; 1 Wend. 109; 20 Wis. 462; 5 A. & E. Enc. Law, 653.

2.    The judgment against the sureties was greater than their liability on the bond.    36 Tex. 690; 50 Mich. 372; 13 Mich. 195; 37 Ark. 550.

3.    The court should have remanded the cause to the Garland circuit court.    The order changing the venue was not responsive to the petition.    Mansf. Dig. sec. 6479; Elliott, Ap. Pro. 725.    A change of venue from the circuit court on appeals from justices is not contemplated by our statute.    Mansf. Dig. secs. 1363–7.

*Wood & Henderson* for appellee.

1.    Where the taking is tortious, the possession is wrongful from the beginning, and no demand is necessary. Bish. Non. Cont. Law, sec. 4.

2.    Appellant was not prejudiced by the judgment against his bondsmen, and cannot complain.    They have not appealed.    17 Ark. 405; 39 *id.* 266; 43 *id.* 542; Mansf. Dig. sec. 1303.

I.    Change of venue allowed on appeal from magistrate.

HUGHES, J.    The court is of the opinion that, in a case pending on appeal from a justice of the peace in the circuit court, the circuit court may order a change of venue, if the applicant therefor bring himself within the provisions of chapter 153 of Mansfield's Digest.    This

view is supported by *Shaver* v. *Lawrence Co.* 44 Ark. 225, where it is held that, on appeal from the county court to the circuit court, a change of venue may be made under the chapter referred to.

It was the duty of the circuit court to order the change of venue when the applicant therefor brought himself within the statute. The fact that the order for the change of venue recites that the change was made on the ground "that the minds of the inhabitants of Garland county were so prejudiced against the applicant that he could not obtain a fair and impartial trial in said county," while the ground for change of venue in his application was "undue prejudice against his cause of action," was immaterial, as the order was amendable. The duty of the court to make the order was imperative.

2. Order granting change amendable.

The evidence in the case is conflicting, but there is evidence from which the jury might have found that the appellant falsely and fraudulently represented to the appellee that he was a physician in good standing and large practice, and thereby induced the appellee to enter into an agreement for a partnership with him in the practice of medicine, and obtained from the appellee thereby the horse and wagon in controversy in this suit, for which he had paid nothing.

The appellant objects to the judgment on the ground that it was for a larger sum than the sum specified in the bond made by the sureties. But the sureties do not complain, and the appellant cannot be heard to complain. It was error to render judgment against the sureties in a sum greater than the amount of the bond by which they had bound themselves, but they have not appealed. "Judgments, though erroneous as to parties who do not appeal, will not be reversed upon the appeal of a party as to whom there is no error." *Mann* v. *State*, 37 Ark. 405 ; *Harris* v. *Harris*, 43 Ark. 542 ; Mansfield's Digest, sec. 1303.

3. No reversal for non-prejudicial error.

We find no error in the admission of the evidence objected to, or the instructions of the court, or in the refusal of instructions.

The judgment is affirmed.