LITTLE ROCK TRACTION & ELECTRIC COMPANY *v.* HICKS.

Opinion delivered April 30, 1906.

APPEAL—PRAYER—AMENDMENT.—Where two defendants sought to appeal from a joint judgment against them, but their attorney inadvertently signed the name of only one of them, and the clerk treated the prayer as if on behalf of both and issued summons accordingly, the appeal will not be dismissed as to the defendant whose name was not signed, but the record will be amended to show that both defendants appealed.

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; motion to amend record granted.

*Cantrell & Loughborough,* for appellants.

*W. C. Adamson,* for appellee.

HILL, C. J. Judgment was rendered jointly against the Little Rock Traction & Electric Company and the Little Rock Railway & Electric Company. The same attorneys represented the two defendant corporations, and one of the attorneys applied to the clerk of this court for an appeal. He inadvertently signed the name of only one of the defendants, and wrote the prayer of the appeal as follows: "Comes the defendant, and prays an appeal from the judgment rendered herein." The clerk discovered that there were two defendants, and called the attorney's attention to it, and the attorney or the clerk then and in the presence of the other, added the letter "s" to the word defendant, making it read that the defendants pray an appeal. The singular number of the verb "comes" was not corrected, and the other defendant's name was not signed. It was, however, treated by the clerk as a proper prayer for appeal by both parties, the attorney intended it as such,

and the clerk issued summons; inserting both defendants as appellants, and service of summons was acknowledged.

Now, appellee desires to have the appeal as to the defendant not named in the prayer dismissed, and appellants desire to amend the record to make it expressly state that both defendants appealed. The object of the appeal was to lodge the case in this court, and to summon the prevailing party here as appellee. In this irregular way this object is fully attained; no one was misled; no mistake occurred, except an omission to sign name of both defendants, when both attorney and clerk understood the insertion of the defendants for defendant to be a prayer on behalf of both. To sustain the contention of appellee and dismiss the appeal would be putting form before substance, the letter before the spirit. The motion to dismiss the appeal is denied, and to amend the record is granted.