DAVIE, EXECUTRIX, v. SMOOT.

4-6296                                    150 S. W. 2d 50

Opinion delivered April 21, 1941.

*William W. Shepherd,* for appellant.

*Emmett Vaughan, Harry Neelly* and *C. E. Yingling,* for appellee.

GRIFFIN SMITH, C. J. If on appeal lawsuits could be decided by weighing the unsupported declarations of counsel for appellant against the defensive explanations of appellee's legal aids, the case at bar would be less perplexing. If without a complete record, and in the absence of testimony, we could give to *ex parte* statements appearing in the briefs that degree of verity so earnestly contended for, a decision based upon merit might be possible in spite of the difficulty in deciding between conflicting avouchments; but more often the result would serve to emphasize and justify the rule that argument must be predicated upon competent evidence as distinguished from the escalade of desire.

George Davie died in 1938, leaving a substantial estate and attending claims to it. After living as a bachelor for many years, Davie married Electa Pearcey. He obtained a divorce from which Mrs. Davie unsuccessfully appealed in 1926.[1] Twelve years later they remarried and were living together when George Davie died. Appellee, a half sister forty years younger than the decedent, is next of kin.

---

[1] *Davie* v. *Davie,* 171 Ark. 1187, 284 S. W. 780.

In 1936 George Davie made a will. He left $20 to Mrs. Bobbie Welch, $5 to Allie Smoot (appellee) and devised and bequeathed the remainder of his property to his wife, who was constituted executrix with the request that she be permitted to serve without bond. February 13, 1939, letters testamentary were issued to her.

An appraisement was filed May 4, 1939. In addition to notes, secured and unsecured, seventeen tracts of land in White county and six tracts in Prairie county were listed; also town property in Beebe. An annual settlement (undated) was made by the executrix, showing receipts of $1,036.31. Disbursements of $1,038.79 are shown.

October 14, 1940, the probate court made an order removing Mrs. Davie as executrix. Mrs. Smoot was appointed administratrix in succession and was directed to execute a $2,000 bond "in some surety company authorized to do business in Arkansas."

In appellant's brief it is asserted that about thirty days after George Davie died the will was probated. The record does not show such order. It is then stated: "Upon filing the will for probate the anticipated contest was filed by Allie May Smoot." Again, the record is silent. However, it is conceded that the widow elected to renounce the will and to take under the statutes. Commissioners were appointed to allot dower in the lands. The order recites a petition by Mrs. Davie, granting of the request, and retention of jurisdiction for further orders.

Appellant contends that the removal of Mrs. Davie as executrix was void because the order shows on its face she was not in court, and that she had not been served with notice. It is also contended that no complaint against her was filed, as required by § 37 of Pope's Digest, and that there was no service; also, that the order does not show on its face facts essential to jurisdiction.

By certiorari appellee has brought up a certified order, *nunc pro tunc,* made March 10, 1941. It is copied

in full in the margin.[2] It is contended, however, that the court was without jurisdiction to make the order while there was pending an appeal from the judgment dismissing appellant as executrix and appointing commissioners to assign dower. The answer is that courts have continuing jurisdiction to correct their records in order to make them speak the truth.

It is next insisted that the order attempting to allot dower is void; that it shows on its face appellant was not in court; that she had not been served with notice; that no petition for allotment of dower was filed in probate court; that no summons was served on all interested par-

---

[2] "On this 10th day of March, 1941, comes Allie May Smoot in person and by her solicitors, Harry Neelly and C. E. Yingling, and the respondents, Mrs. Electa Davie and W. W. Shepherd, come not but wholly make default herein; and this cause is submitted upon the petition of Mrs. Allie May Smoot, as only heir at law of George C. Davie, deceased, for correction of an order made and entered by this court on the 14th day of October, 1940, removing Mrs. Electa Davie as executrix of the estate of George C. Davie, deceased, and appointing Allie May Smoot as administratrix in succession; and notice of the filing of said petition and the hearing upon same on March 10, 1941, having been duly served upon W. W. Shepherd, attorney of record of Mrs. Electa Davie, and upon Mrs. Electa Davie; and the reply of Mrs. Electa Davie to the notice and the petition for a *nunc pro tunc* order to change or modify an order made on the 14th day of October, 1940, removing said Mrs. Electa Davie as executrix, and also the response of W. W. Shepherd, and oral testimony taken in open court, of Harry Neely and C. E. Yingling, from all of which the court finds:

"That on and prior to October 14, 1940, the said Mrs. Electa Davie, as executrix of the estate of George C. Davie, deceased, was represented by W. W. Shepherd and Charles W. Mehaffy as her solicitors, and that they appeared in this court in connection with this action on several occasions prior to this date, and that the said Mrs. Electa Davie knew Charles W. Mehaffy, as well as W. W. Shepherd, was appearing in said matter as her attorney; that both of said attorneys, W. W. Shepherd and Charles W. Mehaffy had actual knowledge of the filing of the petition by Allie May Smoot for the removal of said Mrs. Electa Davie as executrix of the estate of George C. Davie on the 14th day of October, 1940, and prior thereto.

"And the court being well and sufficiently advised as to all matters of fact and law arising herein, and the premises being fully seen, doth order, adjudge and decree that the said Electa Davie, executrix of the estate of George C. Davie, deceased, be and she is hereby removed, and she is ordered and directed to file a complete accounting of her executrixship on or before the next term of this court; and it is further considered, ordered and decreed that Allie May Smoot, as only heir at law of George C. Davie, deceased, be, and she is hereby appointed administratrix in succession upon her petition for her appointment, duly verified, and the filing of a bond in the sum of $2,000 in some surety company authorized to do business in the state of Arkansas.

"And this order and decree having been made on October 14, 1940, but not having been entered of record on said date, is entered now for then."

ties; that the probate court of White county could not make a valid order assigning dower in lands in Prairie county; that the chancery court had jurisdiction of the parties and the subject-matter, and the probate court could not lift the cause out of chancery court; and, finally, it is contended that the order fails to show on its face a finding of facts essential to jurisdiction.

Appellant, by certiorari, has exhibited her response to notice that application would be made for the order, *nunc pro tunc;* response filed March 10, 1941, by W. W. Shepherd to notice of application for the order; order removing appellant; order relating to dower, and appointment of commissioners, and report of commissioners dated October 21, 1940.

At page 35 of appellant's brief there is copied what purports to be a petition in the White chancery court.[3] At brief page 10, appellant says she ". . . asked the chancery court to assign her dower in White and Prairie counties." At brief page 41, following the petition, appellant says:

"Summons was served and returned on all parties. . . . On the chancery judge's docket in this case (being case No. 750) the following appears in the judge's handwriting: 'February 12, 1940, order appointing commissioners to set aside dower.' "

Although this petition does not appear in the record and should not be in the brief, nor should there be reference to it, appellant has presented it in support of the argument that the chancery court had jurisdiction to appoint commissioners, and that the probate court lacked jurisdiction for want of a petition and because lands were in two counties. *Crabtree's Adm'rs* v. *Crabtree,* 5 Ark. (5 Pike) 638.

While it is true that the order of September 16, 1940, appointing commissioners, appears to have been in probate court, it is signed "Frank H. Dodge." Whether he acted as chancellor or probate judge cannot be deter-

[3] It is styled: *"Mrs. Electa Davie* v. *Estate of George C. Davie, Deceased; Allie May Smoot; Citizens Bank of Beebe, and Ewell Doss."*

mined from the record. No other order or judgment of the probate court of even date appears.

The first paragraph of the order of September 16, 1940, is: "On this day came on to be heard the petition of Mrs. Electa Davie . . . for allotment of her dower," etc.

Amendment No. 24 to the constitution does not permit courts of chancery to lift estates out of courts of probate and to apply equitable principles in disposing of controversies cognizable only in probate. *Wooten* v. *Penuel,* 200 Ark. 353, 140 S. W. 2d 108.

From the record we are unable to say that the chancellor was not acting as such in appointing commissioners to assign dower, and since the entire record is not before us there is a presumption that action was by the court having jurisdiction.

The record is certified by G. Carl Smith, "county and circuit clerk." [4] The verification is that Smith ". . . does hereby certify that the foregoing fifteen pages of typewritten matter contain a true and perfect copy of the originals as [they] appear in my files and duly recorded in the records of White county."

Half of the record, or any part of it, might have been omitted, and still the certificate could be true. Its effect is merely to attest genuineness of the fifteen pages.

Because the record is fragmentary—a fact emphasized by the efforts of counsel for appellant to use his brief to bridge the gaps—we cannot say that the court erred.

Affirmed.

---

[4] In White county the county clerk is clerk of the probate court, but the circuit clerk is also clerk of the chancery court.