**Carlton N. LUCAS and Norma J. Lucas, Plaintiffs,**

v.

**DURABOND PRODUCTS COMPANY d/b/a Chicago Mastic (CMC) and Rochester Thread, Inc.**

**Civ. A. No. 79–164.**

United States District Court,
W. D. Pennsylvania.

April 2, 1981.

---

## MEMORANDUM ORDER

WEBER, Chief Judge.

In this case the defendant has moved to require the dismissal of this case because it is not brought by the real party in interest as required by Fed.R.Civ.P. 17(a). A real party in interest in this case is the plaintiff's employer (or its insurance carrier) who seeks by this action to recover a large sum of money from the defendant as their subrogation right.

An abundant body of case law holds that a party holding a subrogation interest, either whole or partial, is the real party in interest. *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949). *See* 6 Wright & Miller, Federal Practice & Procedure, Civil § 1546.[1]

██ An attorney who has entered a belated appearance for the plaintiff, but who isn't really an attorney for the plaintiff and never was until this question arose, objects. He says Pennsylvania law governs. Pennsylvania law forbids a suit by an employee against his employer either directly or for contribution or indemnity. Plaintiff's argument completely misses the point. None of that is being sought here. All we are saying is that Federal Procedural Rules require the real party to sue in his own name. Pennsylvania law does not bar a suit to enforce an employer's (or its insurance carrier's) right of subrogation. *See: Smith v. Yellow Cab Co.*, 288 Pa. 85, 135 A. 858 (1927); *Neal to use of Globe Indemnity Co. v. Buffalo R. & P. R. & Co.*, 103 Pa.Super. 218, 158 A. 305 (1931) (the insurance carrier of the employer may sue to enforce subrogation rights); *American Casualty Co. v. Erie Insurance Group*, 3 Pa.D.&C.3rd 109 (C.P. Allegheny County, 1977).

██ There is a real moral and ethical consideration here. Too often we have seen an employee's third party suit brought in the employee's own name where the only or the major beneficiaries were the employer (or his carrier) and the lawyer. The jury is deliberately left entirely unaware that the employee has received workmen's compensation for his injuries, and the jury is disturbed to the point where they ask questions during deliberations and are told, more or less politely, that it is none of their business whether or not plaintiff received any other compensation.

There is also a real conflict of interest on the part of the insurance company counsel who appears as counsel for the plaintiff, but whose first interest is in recovery of the employer's subrogation claim. In pursuing this interest I have found that the legitimate interests of the plaintiff in pursuing a claim against a third party for damages to which he may be entitled over and above the workmen's compensation are thwarted by the controlling position of the insurance carrier, even where there is evidence of negligence of the employer that would bar his subrogation recovery. We have found many justifiable and fair settlements of

---

1. See also, *Lipari v. Niagara Machine & Tool Works*, 87 F.R.D. 730, (W.D.Pa.1980).

plaintiffs' claims wrecked by the counsel whose prime concern was the subrogation lien rather than the plaintiff's true interests, and this is an ethical conflict which ought no longer be condoned by the courts.

The above observations are applicable to the general run of cases of this sort, but not to this case in particular. Plaintiff's original action was brought by the plaintiff's own counsel in this case. That counsel remains in the case to protect the plaintiff's interests. The counsel for the insurance carrier here appeared solely after the real party in interest question was raised. There is no danger of the subordination of the plaintiff's interests by a single counsel ostensibly representing the plaintiff but in fact representing the employer's insurance carrier whose existence is attempted to be concealed from the jury. Rule 17(a) is intended to prevent that situation.

### ORDER

AND NOW this 2nd day of April, 1981, IT IS ORDERED that the action of Plaintiffs be DISMISSED unless, within ten days, it is AMENDED to show that it is brought in the name or names of real parties in interest.