PROFESSIONAL ADJUSTMENT BUREAU, INC.
*v.* Billie STRONG

81-220                                          629 S.W. 2d 284

Supreme Court of Arkansas
Opinion delivered March 8, 1982
[Rehearing denied April 5, 1982.]

*R. Douglas Schrantz*, of *Kendall & Schrantz*, for appellant.

*Wommack, Lindsay & Associates, P.A.,* by: *Mark Lindsay,* for appellee.

DARRELL HICKMAN, Justice. The only issue on appeal is whether the trial court was wrong in dismissing the appellant's case with prejudice when the appellant and appellant's attorney failed to appear for trial. We find that in this case the court should not have dismissed the case with prejudice.

The appellant, a collection agency, filed suit to collect an $823.00 debt the appellee owed to Sisco Chapel, Inc. The case was set for trial March 31, 1980. When the case was called and the appellant did not answer, the court ordered the bailiff to call the appellant and its attorney three times, all to no avail. The judge inquired of the appellee's attorney whether he wanted the case dismissed with or without prejudice. Understandably the response was with prejudice, and it was done.

A motion to set aside the order was filed, and at a hearing appellant's attorney explained that a former associate attorney just failed to attend to the matter. The court found no "excusable neglect."

The appellant argues that Ark. R. Civ. P., Rule 41, prohibits a trial judge from ever dismissing a case with prejudice the first time, that it can only be on a second dismissal.

The appellee argues that our decision in *Gordon* v. *Wellman,* 265 Ark. 914, 582 S.W. 2d 22 (1979), permits a case to be dismissed with prejudice upon failure to prosecute, regardless of Ark. R. Civ. P., Rule 41 (b).

Rule 41 (b) provides that:

(b) Involuntary Dismissal: Effect thereof. The court may, upon its own motion, or upon motion of any defendant, dismiss an action for failure of the plaintiff to prosecute or to comply with these rules or any order of court. A dismissal under this subdivision is without

prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily in which event such a dismissal operates as an adjudication on the merits.

We did say in *Gordon* that a trial court has the inherent power, independent of statute or rule, to dismiss a case for failure to prosecute. However, we do not read Rule 41 (b) and the *Gordon* case to be inconsistent. Rule 41 is a tool for trial courts to dispose of cases filed and forgotten, and, ordinarily, the disposition for lack of prosecution should be without prejudice, allowing the plaintiff the right to refile the case. But, as we said in *Gordon*, Rule 41 does not absolutely prohibit a trial court from dismissing with prejudice a case for lack of prosecution. Obviously circumstances can vary and a trial court's discretion should not be bound in irons.

In this case, it was the first trial setting. An answer had been filed the day before. (A motion to quash had been pending for some time.) The court, at the request of the appellee, dismissed the case with prejudice, making no findings of its own why this action should be taken. Unlike the facts in *Gordon* where the case had been pending for thirteen years, this was evidently a case of one-time neglect by counsel. Dismissal without prejudice would have been in order and consistent with the intent of Rule 41 and the *Gordon* case. Consequently, we reverse the judgment and remand the case for further proceedings.

Reversed and remanded.

ADKISSON, C.J., and PURTLE, J., concur.

RICHARD B. ADKISSON, Chief Justice, concurring. Rule 41 states very clearly that the sanction for failure to prosecute a case is dismissal without prejudice. This rule, adopted by this Court, supersedes all prior rules on this subject, inherent or otherwise. If this Court had intended that the trial courts retain the right to dismiss with prejudice for failure to prosecute, surely, we would have said so.

The Reporter's note No. 4 following this rule recites

that the Federal Rule on this subject provides for a dismissal with prejudice and states the reason our rule was written as it is.

I am hereby authorized to state that PURTLE, J., joins in this concurrence.