## SUPERIOR SEEDS, INC. *v.* John E. CRAIN

83-151                    655 S.W.2d 415

Supreme Court of Arkansas
Opinion delivered July 11, 1983

*Henry J. Swift,* for appellant.

*Oscar Fendler,* and *Gibson & Bearden,* by: *Michael L. Gibson* and *Stephen P. Hale,* for appellee.

DARRELL HICKMAN, Justice. In 1979 the appellant, Superior Seeds, Inc., sued one of its suppliers, a local farmer, for $16,831.51 that it claimed the farmer wrongfully kept or converted, and for $5,500 in punitive damages.

At a pretrial conference of this case on September 7, 1982, the trial judge told the appellant's attorney that he would hold another conference a week later in another city because the lawyers were not properly prepared for trial. He specifically told the appellant's attorney to prepare instructions. When the second pretrial conference was held, the appellant's attorney still did not have an instruction which

would explain the facts that the appellant would have to prove to receive compensatory damages. Because of this failure the trial court dismissed the appellant's lawsuit.

On appeal we only consider whether the trial court's dismissal was arbitrary and excessive since that was the only argument made below.

The pretrial conference on September 7, 1982, was one of standard practice in the circuit and by local Rule 4 of that circuit, both counsel were required to present a set of instructions that they intended to offer. Those rules are filed with this court.

The appellant's attorney conceded that he did not have all the instructions on September 7th. At that conference the judge said that the instructions tendered by appellant did not include one covering compensatory damages and were, therefore, inadequate. He told the appellant's attorney he would give him until September 14th to prepare additional instructions so "that justice [will] be done."

Then on the 14th, the judge said:

When I was in Osceola on September 7, I discovered that the lawyers hadn't really shown each other their exhibits. Each side — rather, the defendant had several exhibits to offer. The plaintiff didn't have any there and hadn't shown any there, and I specifically inquired of plaintiff's attorneys whether they had certain things that I thought were necessary in connection with the pretrial, and specifically I pointed out to them that there was no instruction offered which described and set forth what the plaintiff — What the jury should be told about what the plaintiff had to prove in order to recover compensatory damages. There was an instruction offered by the plaintiff at that time defining what the plaintiff had to prove in order to recover for punitive damages, but, since the plaintiff wasn't ready for a thorough pretrial conference at that time, I reset it for today, September 14, and I specifically told the plaintiff's attorneys on the 7th that we needed a proper

instruction telling the jury what the law was as it related to compensatory damages; and since the plaintiffs still have no instruction on that, I am going to rule at this time that the plaintiff — that this case should be dismissed.

The trial court was well within its authority to take the action it did, since courts have inherent authority to promulgate rules and enter orders for their administration. *Letaw* v. *Smith,* 223 Ark. 638, 268 S.W.2d 3 (1954). We treat the dismissal as one without prejudice. *See* ARCP, Rule 41 (b). Several arguments are made about the legality of the local rules of the circuit and the constitutional duty of the trial court to prepare the instructions itself. But we reach none of these for the reasons stated.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I dissent because it is my opinion that a trial court does not possess the power to dismiss a cause of action because the court is aggravated at the attorney for one side. The local rules require the parties to submit jury instructions which they desire the court to read to the jury. It is my guess that plaintiff's attorney in the case before us felt like he had prepared all the instructions he wanted the court to read. In fact, he was mistaken in thinking that the law allowed recovery for punitive damages without making an award for compensatory damages. In any event plaintiff's attorney stated that the trial was expected to last three days and that he could present the missing jury instructions before it was time to read them to the jury. It is obvious that the court and all the attorneys involved knew exactly what that instruction would contain. Therefore, nobody would have suffered injury and the trial court could have dealt with the offending attorney on a different day or at the conclusion of the trial.

I would also reverse the order of the trial court which directed plaintiff's attorney to personally pay the defendant's attorney the sum of $250 for expenses in going from

Osceola to Paragould for a pretrial on this case. It should be noted that neither attorney had complied with the local rules on September 7, 1982. The court stated:

> When I was in Osceola on September 7, I discovered that the lawyers hadn't really shown each other their exhibits . . . specifically I pointed out to them that there was no instruction offered which . . . set forth . . . what the jury should be told about what the plaintiff had to prove in order to recover compensatory damages.

Local Rule 4 of the circuit court of Mississippi County, insofar as it is abstracted, does not provide for dismissal of a cause of action because one of the attorneys fails to submit instructions. Neither does the rule allow the trial court to impose a fine or penalty inuring to the benefit of the opposing counsel.

Article 7, sec. 23 of the Arkansas Constitution requires the trial court to declare the law and further provides that the court shall reduce it to writing on the request of either party. I realize that our cases and rules have long differed with the provisions of Article 7, sec. 23. Nevertheless, in my opinion, the trial court is still charged with this responsibility. Most likely the trial court in the present case had available to him or in his possession on the pretrial dates an instruction with the exact words he desired to present to the jury. ARCP, Rule 51, provides that any party may submit jury instructions to the court at any time up until the close of the evidence unless the court reasonably directs an earlier filing. Local Rule 4 does not specify any instruction other than a "complete set" commencing with AMI 101. Certainly this rule does not give proper notice and an opportunity for a hearing prior to unenumerated sanctions by the local court.

I cannot think of any rational reason why the trial court could not have continued with the trial and allowed the appellant's attorney to submit the missing instructions prior to the close of the evidence as provided by our rules. On September 7, 1982, the court found the instruction missing. At the September 7, 1982 hearing, the court, speaking of the missing instructions, stated, "There is no justification for

him to have this other than justice be done and, of course, we have to be more concerned with that than we have anything else." The court was absolutely correct in that statement; nonetheless in my opinion the dismissal of the plaintiff's suit, which had been pending for several years, was unjustified. The result of the courts' action will be to prolong this cause of action unnecessarily, perhaps even for an additional several years. The speedy administration of justice has been thwarted through a needless and wasteful exercise of judicial authority. Therefore, I strenuously object to this court putting its stamp of approval on such an action by the trial court.