INSURANCE FROM CNA d/b/a National Fire Insurance Company of Hartford *v.* The KEENE CORPORATION; Genlyte Group, Inc.; and Ben Chatham d/b/a Red Barn Store

92-121                                     839 S.W.2d 199

Supreme Court of Arkansas
Opinion delivered October 19, 1992

*Wright, Lindsey and Jennings*, by: *James M. Moody, Jr.*, for appellant.

*Ramsay, Bridgforth, Harrelson & Starling*, for appellee.

ROBERT H. DUDLEY, Justice. Dorothy Kossman filed suit against the appellees and, eight years later, the trial court dismissed the suit. Appellant, Insurance from CNA d/b/a National Fire Insurance Co. of Hartford ("CNA"), appeals as the real party in interest. The case was certified to this court by the court of appeals. We affirm the dismissal of the complaint, but modify it to be without prejudice.

On February 9, 1982, more than ten years ago, Dorothy Kossman's house and its contents were partially destroyed by fire. On December 21, 1983, she filed a complaint against the Keene Corporation, Keystone Transformer Company, Vernon Riley d/b/a Riley Electric Company, and Ben Chatham d/b/a Red Barn Store. She alleged that a fire originated in a florescent light fixture in her kitchen and that the various defendants manufactured, distributed, and installed the light fixture and its components. She alleged that she had suffered damages in the amount of $61,574.65.

Over three years later, on April 7, 1986, Kossman amended her complaint to add Genlyte Group, Inc. as a defendant. The amended complaint alleged the same amount of damages as had been specified in the original complaint, and the prayer for relief was also for the same amount. Later, in her deposition, Dorothy Kossman testified that CNA had paid her $61,574.65, the exact amount she had alleged as damages in both her complaint and amended complaint. Defendant-appellee Keene Corporation then filed a motion for judgment on the pleadings, or alternatively, for summary judgment. It contended that it was entitled to

such relief because Kossman had been fully reimbursed for the damages she had suffered and therefore was not the real party in interest.

About a year and a half later, on October 8, 1987, Kossman filed a second amended complaint which again stated that Kossman had suffered damages in the amount of $61,574.65, but the prayer was increased to $61,674.65. The amended complaint did not set out any fact to justify the additional $100.00 asked in the prayer.

Shortly after the filing of the second amended complaint, on October 23, 1987, over five years after the fire, defendants-appellees Keene Corporation and Genlyte filed a motion to dismiss the second amended complaint, or in the alternative, to strike the second amended complaint. They alleged that any new claim on behalf of Kossman personally, as possibly was repre-sented by the $100.00 increase in the amount of relief asked, was barred by the statute of limitations. Appellee Keene also alleged that CNA was the real party in interest, and any claims it might have were also barred by the statute of limitations.

Two years later, seven years after the fire, on October 16, 1989, the trial court ruled that the original action was a subrogation action by CNA since the amount of damages alleged by Kossman was the exact amount paid to her by CNA as a result of the fire. There is no appeal from that ruling. The trial court also ruled that if Kossman's amendment to the complaint, simply adding $100.00 to the prayer, was an attempt to make her a real party in interest, such a new action was barred by the statute of limitations. The court additionally ruled that under Rule 17 of the Arkansas Rules of Civil Procedure, CNA was allowed a reasonable time to substitute itself as the plaintiff. The trial court set ten days as a reasonable time for the amendment. The order, signed and entered, on October 16, 1989, dismisses the Kossman claim and provides, "*[T]he real party in interest is granted ten (10) days to amend its complaint to substitute its name as plaintiff.*"

Unfortunately, CNA did not amend the complaint within ten days to substitute itself as plaintiff. Instead, on October 26, 1989, within the ten-day time limit, CNA filed a motion to amend the complaint. In this appeal, CNA does not contend that the

motion to amend was itself a timely amendment. It was not until November 14, 1989, or twenty-eight days after the order, that CNA, by a third amended complaint, attempted to substitute itself as the real party in interest. After that, the defendants-appellees filed a motion to strike CNA's third amended complaint and filed a motion to dismiss since CNA had not amended its complaint within the ten days allowed by the court.

A hearing was held on April 8, 1991, on appellees' motion to strike CNA's third amended complaint and on the motion to dismiss. The trial court ruled that it had directed CNA to substitute itself as the real party in interest within ten days of the order, and, since CNA had not substituted itself within that period, the case should be dismissed. A corresponding order was entered, and CNA appeals.

Appellant CNA argues that, under the Arkansas Rules of Civil Procedure, it should have been allowed to amend the complaint to substitute itself as a real party in interest. Rule 17 provides in part:

> (a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest . . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

■ The first issue is whether the ten days the trial court allowed appellant CNA to substitute itself as the plaintiff was a "reasonable time." "What constitutes a reasonable time [under Rule 17] is a matter of judicial discretion and will depend upon the facts of each case." 6A Wright, Miller, & Kane, *Federal Practice and Procedure* § 1555 (1990). The proposed amendment was a simple one. Appellant CNA knew all of the facts surrounding the proposed amendment and had known of them for two years. The case was over six years old and needed to be moved along toward trial. Under these facts, we cannot say that the trial judge abused his discretion by setting a ten-day period for the

substitution of the real party in interest. *Accord, Lucas* v. *Durabond Prods. Co.*, 510 F. Supp. 999 (W.D. Penn. 1981).

Rule 15 of the Arkansas Rules of Civil Procedure governs the general amendment of pleadings. The Arkansas Rule is liberal in allowing parties to amend pleadings at any stage in the proceedings *without leave of court*. However, under Rule 15, a court may strike an amended pleading if, upon objection by the opposing party, the court determines that prejudice would result. Appellant argues that the trial judge erred in dismissing its complaint without first establishing that appellees had been prejudiced. The argument would be valid if the amendment had been timely filed, *see Schmidt* v. *McIlroy Bank & Trust*, 306 Ark. 28, 811 S.W.2d 281 (1991), but the appellant's problem here is that the amendment was not filed within the ten days clearly ordered by the court.

■ Rule 41(b) of the Arkansas Rules of Civil Procedure gives the trial court the authority to dismiss cases in which the "plaintiff has failed to comply . . . with any order of the court." In previously construing this rule we have held that a trial court did not abuse its discretion in dismissing a plaintiff's complaint when the plaintiff twice disregarded the court's order to prepare a necessary instruction. *Superior Seeds, Inc.* v. *Crain*, 280 Ark. 142, 655 S.W.2d 415 (1983). Again, our standard of review is whether the trial court abused its discretion. In this case the claim arose in 1982, the plaintiff filed her complaint in 1983, there were various amendments, and finally in 1989, the trial court gave CNA ten days to amend the complaint to show that it was the real party in interest. The same attorneys represented both Kossman and CNA. Under such circumstances, the trial court's dismissal for failure to comply with a ten-day time limitation was not arbitrary or an abuse of discretion. If we were to hold otherwise, we would deny the trial court's ability to effectively control its docket. However, such dismissals are to be without prejudice. *See* A.R.C.P. Rule 41(b). Accordingly, we modify the dismissal to be without prejudice.

Appellant CNA next attempts to argue that the trial court erred in refusing to grant plaintiff Kossman leave to amend her complaint to reflect her $100.00 deductible and then to relate the amendment back to the time of the original complaint. We do not

reach the issue.

The Kossman amended complaint was dismissed on October 16, 1989. At that time CNA was granted ten days to substitute itself as the real party in interest. The CNA amended complaint was dismissed on May 14, 1991, seventeen months later. The notice of appeal designates that the appeal is from the "order of dismissal entered on May 14, 1991," that is, the order dismissing CNA's action and not the one dismissing Kossman's. The notice of appeal designates CNA as the appellant. While the notice of appeal might have been amended, *see Little Rock Traction & Electric Co. v. Hicks*, 78 Ark. 597, 94 S.W.711 (1906), such an amendment was not sought, and CNA stands as the only designated appellant. The Kossman interest and the CNA interest are not common; their points of appeal are different. CNA does not offer any reason it has standing to argue a point of appeal for Dorothy Kossman, and we know of none. In *Hurley v. Bevens*, 57 Ark. 547, 549, 22 S.W. 172, 172 (1893), we said, " 'Judgments, though erroneous as to parties who do not appeal, will not be reversed upon the appeal of a party as to whom there is no error.' " [Quoting *Mann v. State*, 37 Ark. 405 (1881); *Harris v. Harris*, 43 Ark. 542 (1884); Mansfield's Digest, sec. 1303.] Accordingly, we hold that appellant CNA does not have standing to argue a separate point of appeal for Dorothy Kossman, and we therefore do not reach the issue.

Affirmed as modified.

NEWBERN, J., concurs.

BROWN, J., not participating.

DAVID NEWBERN, Justice, concurring. The majority opinion is correct. I agree with all of it, and I write only to make clear that the problem here was caused by the erroneous determination that Ms. Kossman was not the real party in interest.

The real party in interest is the one who can discharge the claim. *Gladden v. Bucy*, 299 Ark. 523, 722 S.W.2d 612 (1989); *House v. Long*, 244 Ark. 718, 426 S.W.2d 814 (1968). That was Ms. Kossman. *Summerhill v. Shannon*, 235 Ark. 617, 361

S.W.2d 271 (1962).