Richard GORE, Paul Robertson, Par Home Investor Group, Inc.,
Kelsey Dedmon, and BDK Homes *v*. HEARTLAND
COMMUNITY BANK

03-791                                                    158 S.W.3d 123

Supreme Court of Arkansas
Opinion delivered April 8, 2004

*Walker & Hickey*, by: *Steven R. Davis*, for appellant.

*Spears & Jones*, for appellee.

JIM HANNAH, Justice. This is an appeal from an order dismissing appellant Richard Gore's motion to intervene in a lawsuit brought by appellee Heartland Community Bank (Heartland) against Kelsey Dedmon to collect on a note and security interest in a mobile home. The court of appeals certified this case to this court because it perceived an apparent conflict between this court's case law and Rule 6(e) of the Appellate Rules of Procedure—Civil. Thus, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(2) (2003).

*Facts*

On January 9, 2002, Heartland filed a complaint in replevin against Kelsey Dedmon, d/b/a BDK Homes. Heartland alleged that Dedmon had borrowed $30,000 from Heartland, and that Dedmon had given Heartland a security interest in a 1997 Champion Mobile Home to secure the promissory note. Dedmon filed a *pro se* answer on January 29, 2002. Heartland filed a motion for default judgment against Dedmon and, on April 19, 2002, the trial court entered a default judgment against Dedmon, awarding Heartland $31,079.13, plus interest and attorney's fees, and allowing Heartland to take possession of the mobile home and sell it.

On May 14, 2002, Gore filed a motion to intervene, to modify order, and for temporary stay of the order. In his motion, Gore alleged that he had purchased the mobile home from Dedmon prior to the mobile home being pledged as collateral for Dedmon's loan. On April 14, 2003, the Saline County Circuit Court, Third Division, dismissed the motion with prejudice upon Gore's failure to appear at the hearing scheduled on the motion. The order of dismissal provided that "[a]ll parties were properly

noticed by the Court in a letter of December 27, 2002.'' Gore contends that he was never provided notice of the hearing and, on May 13, 2003, he filed a notice of appeal. Subsequently, on May 23, 2003, Gore filed a motion to set aside the order of dismissal.

On appeal, Gore first argues that the trial court erred in dismissing the motion to intervene because the record fails to disclose that the trial court notified him of the hearing. Subsequent to Gore's filing of his opening brief in this court, at Heartland's request, the trial court entered an order purporting to correct the record to include the December 27 letter. Thereafter, Heartland filed a supplemental record, which included the December 27 letter. In his reply brief, Gore argues that the letter should not be considered by this court on appeal.

Gore further argues that the trial court erred in dismissing his motion to intervene with prejudice, rather than dismissing the motion without prejudice. Finally, Gore argues that the trial court erred in denying his motion to set aside.

### Jurisdiction of Trial Court to Correct Record

The court of appeals certified this case to this court because it perceived an apparent conflict between Rule 6(e) and this court's case law where we have held that once the record is lodged in the appellate court, the trial court loses jurisdiction to act further in the matter. Rule 6(e) of the Rules of Appellate Procedure— Civil provides:

> (e) *Correction or modification of the record.* If any difference arises as to whether the record truly discloses what occurred in the circuit court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If *anything material* to either party is *omitted* from the record *by error or accident* or is misstated therein, the parties by stipulation, or *the circuit court, either before or after the record is transmitted to the appellate court,* or the appellate court on proper suggestion, or on its own initiative, *may direct that the omission* or misstatement *shall be corrected, and if necessary, that a supplemental record be certified and transmitted.* All other questions as to form and content of the record shall be presented to the appellate court.

Ark. R. App. P.—Civ. 6(e) (2003) (emphasis added).

We find no conflict between our case law and Rule 6(e). While the trial court loses jurisdiction to *act further* in the matter once the record is lodged in the appellate court, trial courts

have continuing jurisdiction to correct records in order to make them speak the truth. *See Davie v. Smoot*, 202 Ark. 294, 150 S.W.2d 50 (1941). Once the record is lodged in this court, the trial court no longer exercises jurisdiction over the parties and the subject matter in controversy; however, the trial court has "jurisdiction, as well as the responsibility, to settle the record on appeal." *Arkansas State Highway Comm'n v. Brown*, 241 Ark. 862, 864, 410 S.W.2d 737 (1967). We find no case where this court has stated that a trial court cannot correct the record after the record has been submitted to the appellate court.

■ Rule 6(e) clearly and unequivocally states that if anything material is omitted from the record, such as the December 27 letter in this case, by error or accident, the circuit court, either before or after the record is transmitted to the appellate court, may direct that the record shall be corrected, and if necessary, that a supplemental record be certified and transmitted. The trial court clearly had jurisdiction to supplement the record.

### Dismissal of Motion to Intervene

Gore argues that the trial court erred in dismissing his motion to intervene because the record fails to disclose that the trial court notified him of the hearing. Gore contends that since the notice letter dated December 27, 2002, was not in the original record, and because Heartland failed to notify him that it was attempting to supplement the record to include the notice,[1] then

---

[1] In reference to the trial court's order supplementing the record with the December 27 letter, Gore states:

> Clearly, Judge Phillips signed this order at the request of Attorneys for the [Appellee], since the Order indicates on its face that it was prepared by Spears & Jones, Attorneys at Law. Neither the Court nor Appellee's attorneys notified Appellant's attorneys of any communication between Spears and Jones and the trial court concerning the notice in question, or on any action which might be taken by the Court to modify the record of this Complaint.

Gore claims that he should have been notified of Heartland's request to supplement the record because "[t]he Rules of the Arkansas Supreme Court do not permit [parties] to engage in *ex parte* communication with the trial court concerning supplementation of the record."

Although the better practice might have been for Heartland to notify Gore that it was attempting to supplement the record, we find no notice requirement in Rule 6(e). The purpose in settling the record, under Rule 6(e) is to ensure that the record "truly discloses

this court should not consider the December 27 letter on appeal. At the April 14, 2003, hearing, the following colloquy took place between the trial court and counsel for Heartland:

> PLAINTIFF'S COUNSEL: Your Honor, I would ask at this time that the Court's previous order of May 14th, 2002, be dissolved so that the temporary restraining order prohibiting Heartland Community Bank from exercising on the Court's previous order granting them ownership and possession of a certain mobile home. I would also ask that the Intervenor's motion to intervene be dismissed with prejudice.

> THE COURT: Do you have any idea whether or not these other parties know about the hearing?

> PLAINTIFF'S COUNSEL: Yes, Your Honor, they were notified by this Court. Here's a letter from Ms. Graves that I was copied on December 27th of 2001.[2]

> THE COURT: Okay. Yeah, that's in the file. There it is. I'll grant your relief. You prepare the order.

> PLAINTIFF'S COUNSEL: Thank you, Your Honor. I may also need a writ of assistance.

> THE COURT: I'll sign that also.

* * *

We disagree with Gore's contention that the record fails to disclose that the trial court notified him of the hearing. Even if we were to disregard the supplemental record, it is clear from the record submitted by Gore that the trial court reviewed the case file and concluded that Gore was notified of the hearing. Thus, contrary to Gore's assertion, the record discloses that the trial court notified him of the hearing.

---

what occurred in the trial court." Clearly, Rule 6(e) gives the trial court jurisdiction to correct the record on its own initiative when there is a material omission or misstatement in the record submitted to the appellate court. Because the record submitted by Gore does disclose that the December 27 letter was in the file and that the trial court considered the letter, there is no prejudice to Gore in supplementing the record.

[2] The correct date of the letter is December 27, 2002.

### Dismissal with Prejudice

■ Gore next argues that even if this court finds that the trial court was within its discretion to dismiss Gore's motion to intervene, the trial court should not have dismissed his motion with prejudice. We agree. Rule 41(b) provides, in part:

> (b) *Involuntary Dismissal.* In any case in which there has been a failure of the plaintiff to comply with these rules or any order of court . . . the court shall cause notice to be mailed to the attorneys of record, and to any party not represented by an attorney, that the case will be dismissed for want of prosecution unless on a stated day application is made, upon a showing of good cause, to continue the case on the court's docket. A dismissal under this subdivision is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.

Ark. R. Civ. P. 41(b) (2003). The provisions of Rule 41 apply to the dismissal of any counterclaim, cross-claim, or third-party claim. Ark. R. Civ. P. 41(c) (2003). Gore's motion to intervene involves a third-party claim; therefore, the provisions of Rule 41 apply to the instant case.

■■ In *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003), this court discussed Rule 41(b), stating:

> A dismissal under this subdivision [involuntary dismissal] is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.
>
> Ark. R. Civ. P. 41(b) (2003). A Reporter's Note to Rule 41(b) points out that an involuntary dismissal under Rule 41(b) of the Federal Rules of Civil Procedure is generally with prejudice, "whereas under [Ark. R. Civ. P. 41(b)], such a dismissal is without prejudice provided the case has not been previously dismissed in which event the second dismissal is with prejudice."

*Sidney Moncrief*, 353 Ark. at 711-12. Further, in *Wolford v. St. Paul Fire & Marine Insurance Co.*, 331 Ark. 426, 961 S.W.2d 743 (1998), we discussed the application of Rule 41(b) in prior cases:

In *Professional Adjustment Bureau, Inc. v. Strong,* 275 Ark. 249, 251, 629 S.W.2d 284, 284-85 (1982), the appellant argued that the first dismissal under Rule 41 may never be with prejudice. We determined that a trial court is not absolutely prohibited from dismissing a case with prejudice for want of prosecution in all circumstances. *Id.* However, we said that a court's disposition of a case for lack of prosecution should *ordinarily* be without prejudice. *Id.* at 251, 629 S.W.2d 284, 285. In *Strong,* we distinguished that case from *Gordon v. Wellman,* 265 Ark. 914, 582 S.W.2d 22 (1979), and stated that unlike *Gordon,* where the case had been pending for thirteen years and dismissal with prejudice may have been warranted, a case involving one-time neglect did not warrant a dismissal with prejudice. *Id.*

Similarly, in *Superior Seeds, Inc. v. Crain,* 280 Ark. 142, 144, 655 S.W.2d 415, 416 (1983), the trial court had dismissed a case where the plaintiff twice disregarded the court's order to prepare a necessary instruction. On appeal, we said that, although the trial court was well within its authority in dismissing the suit, "[w]e treat the dismissal as one without prejudice." *Id.* (citing Ark. R. Civ. P. 41(b)).

In the third case, we took our foregoing rationale one step further. In *Insurance from CNA v. Keene Corp.,* 310 Ark. 605, 609, 839 S.W.2d 199, 202 (1992), the facts showed that the litigation had been ongoing for six years at the time that the trial court gave one of the parties ten days to substitute itself as the real party in interest. When the party did not appropriately amend the complaint within the ten-day period, the trial court granted a motion to dismiss the case. *Id.* In *Keene,* we stated that "Rule 41(b) of the Arkansas Rules of Civil Procedure gives the trial court the authority to dismiss cases in which the 'plaintiff has failed to comply . . . with any order of the court.' " *Id.* at 609, 839 S.W.2d at 202. Our standard of review of such a dismissal is whether the trial court abused its discretion. *Id.* We concluded that the dismissal was not arbitrary or an abuse of discretion, but we stated that "such dismissals are to be without prejudice" and modified the dismissal therein to be without prejudice. *Id.*

*Wolford,* 331 Ark. at 434-35.

    In the instant case, we hold that the trial court's decision to dismiss the motion to intervene was not an abuse of discretion. However, as we noted in *Wolford,* the foregoing cases

illustrate that after several amendments to Rule 41, we have consistently decided that such dismissals be without prejudice. *Wolford*, 331 Ark. at 435. Accordingly, we affirm the dismissal, but modify it to be without prejudice.

### Motion to Set Aside Order of Dismissal

■ Gore's final argument on appeal is that the trial court erred in denying his motion to set aside the order of dismissal. This argument is not properly before us for consideration. On May 13, 2003, Gore timely filed his notice of appeal from the April 14, 2003, order dismissing his motion to intervene. On May 23, 2003, Gore filed a motion to set aside. A notice of appeal filed after the judgment is entered, but before a posttrial motion is resolved, is effective to appeal the underlying judgment. *See* Ark. R. App. P.—Civ. 4(b)(2) (2003). "A party who also seeks to appeal from the grant or denial of the motion shall within thirty (30) days, amend the previously filed notice, complying with Rule 3(e)." *Id.* No amended notice of appeal is contained in the record, and this precludes our consideration of Gore's argument concerning the trial court's denial of his motion to set aside.

Affirmed in part, reversed and remanded in part.

GLAZE, J., concurring.

TOM GLAZE, Justice, concurring. Arkansas Rule of Appellate Procedure—Civil 6(e) is confusing and should be revised to provide that, after the record is lodged in the appellate court, either party or the appellate court may suggest remand to the trial court to settle or correct any omission or correction of the record to be made. Under the present wording of Rule 6(e), both a trial court and appellate court will have jurisdiction of the case to make changes in the record. Obviously, both courts cannot have jurisdiction of the case at the same time. Moreover, if we retain the rule as it now reads, we can expect *ex parte* requests, as in this case, to obtain changes in the record that the opposing party and appellate court know nothing about. Rule 6(e) needs to be revised.