MADISON COUNTY *v.* NANCE.

Opinion delivered November 24, 1930.

*C. D. Atkinson* and *John Mays*, for appellant.

*George A. Hurst, J. B. Harris* and *Lon Garrett*, for appellees.

MEHAFFY, J. On March 20, 1928, J. A. Stewart filed the following claim in the county court of Madison County:

"March 20, 1928.

"County of Madison to J. A. Stewart, Dr., to right-of-way through J. A. Stewart's farm $200."

Affidavit to claim was made by H. J. Brashears. On the 15th of October, 1929, the court allowed the claim in

the sum of $25. The order allowing the claim in the sum
of $25 recited that J. A. Stewart had died, that no ad-
ministration on his estate was pending, and that Mrs.
E. J. Glass, Mrs. Mollie Goodwin, Mrs. Mattie Brashears
and J. C. Stewart are his children and only heirs at law,
and that Mrs. Catherine Stewart is his widow; that the
widow is entitled to one-third of the amount allowed, and
that each of said heirs is entitled to one-fourth of the
balance, and ordered warrants drawn to pay them. An
appeal was taken to the circuit court by the widow and
heirs on February 17, 1930. Kelly Brashears on March
20, 1928, filed claim in the county court for $125 for right-
of-way and $60 for posts, making a total of his claim
$185. The court allowed Brashears' claim in the sum of
$25. Brashears on March 3, 1930, filed affidavit for appeal
to circuit court. In circuit court on March 3, 1930,
Brashears filed an amended account claiming $500 instead
of $185. On the same day the county filed a motion to
strike the amended claim, which motion was by the court
overruled, and the county excepted. On March 3, 1930,
the heirs and widow of J. A. Stewart, deceased, filed an
amended claim for $1,000 instead of $200. Motion to
strike amended claim was made, overruled and exceptions
noted. After a motion by the county for continuance and
motion to make the contractor a party had been filed and
overruled, the cases were consolidated, and Frank Nance
was appointed special administrator of the estate of J. A.
Stewart, deceased. The parties announced ready for
trial, a jury was selected, and, after hearing the evidence,
returned a verdict in favor of Kelly Brashears for $125
and in favor of Frank Nance, special administrator, in
the sum of $500. Judgments were entered for the
amounts, and the case is here on appeal.

The undisputed evidence shows that the property of
appellees was taken for public use, and the court was
therefore correct in instructing the jury to find for the
plaintiff in some amount. The Constitution provides:
"The right of property is before and higher than any

constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without compensation therefor.'' Article 2, § 22, Constitution.

The fact that the county did not have the money to pay for property was immaterial. If it could not pay for appellees' property, it could not take it. *Independence County* v. *Lester,* 173 Ark. 796, 293 S. W. 743.

Appellants contend that the heirs of J. A. Stewart could not prosecute the appeal. J. A. Stewart had been dead more than a year when the appeal was taken, and there was no administration.

''When all the heirs of any deceased intestate and all persons interested as distributees in the estate of such intestate are of full age, it shall be lawful for them to sue for, recover and collect all demands and property left by the intestate, and to manage, control and dispose of such estate without any administration being had thereon in all cases where the creditors of such estate consent or agree for them to do so, or where they have paid or satisfied all valid debts and demands against such intestate, or where such intestate was, at the time of his death, under no legal liability, either matured or incipient to any person; and in every such case after they have taken such control and management of the estate no letter of administration shall be granted thereon, or, if granted, the same shall, on their application, be revoked.'' Section 1, C. & M. Digest.

The heirs had the right to sue, and it was unnecessary to appoint a special administrator. It was lawful however for the court to make the appointment. C. & M. Digest, § 1050. It is insisted that the court erred in overruling appellant's motion to strike the amendments to claims. The Constitution provides (article 7, § 28):

''The county courts shall have exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, ferries, paupers, bastardy, vagrants, the apprenticeship of minors, the disbursement of money for county purposes, and in every other case that may be necessary to the internal improvement and local concerns of the

respective counties. The county court shall be held by one judge, except in cases otherwise herein provided.''

Section 51 of article 7 of the Constitution provides for appeals from the county court to the circuit court, and provides that the case shall be tried in the circuit court *de novo*.

Since under the Constitution the county court had exclusive original jurisdiction, the circuit court could only try the same cause that was tried in the county court. ''The county court has exclusive original jurisdiction. The circuit court can try a case of this kind; has jurisdiction to do so only when it is appealed from the county court. To permit an amendment substituting a party in the circuit court in this case would be permitting the circuit court to exercise original jurisdiction, and that it cannot do.'' *McLain* v. *Miller County*, 180 Ark. 828, 23 S. W. (2d) 264; *Flynn* v. *Driscoll*, 38 Idaho 545, 34 A. L. R. 352; Ex parte *Morales*, (Tex. Civ. App.) 53 S. W. 107.

The Constitution provides that appeals may be taken from the county court to the circuit court, and that cases so appealed shall be tried in the circuit court *de novo*. ''The statute says that upon an appeal the case shall be tried *de novo* in the appellate court. That is, as I understand it, in the same manner, with the same effect, and upon the issues tried in the court below. It would seem that the correct doctrine is stated by the Texas Court of Appeals in Ex parte *Morales*, 53 S. W. 107, wherein the court held that a trial ''*de novo*'' on appeal requires that appeals be tried upon the original papers and upon the same issues had below. It is axiomatic that a cause or an issue cannot be tried *de novo* that has never been tried. * * * The very expression ''appellate jurisdiction'' refutes and contradicts any idea of filing new pleadings and framing and settling issues in a court of such jurisdiction. The amendments of pleadings and filing new pleadings and joining issues suggest at once to the practitioner a court of ''original jurisdiction'' as

the forum in which such practice and procedure is taking place.'' *In re McVay's Estate,* 14 Idaho 56, 93 P. 28; *Parker* v. *Lewis,* 45 Okla. 807, 147 P. 310; *Kline* v. *Shoup,* 38 Idaho 45, 220 P. 452. The court erred in refusing to strike the amendments.

Appellant contends that the court erred in permitting Kelly Brashears to testify for his wife. Our statute provides that husband and wife shall be incompetent to testify for or against each other except either may testify for the other in regard to any business transacted by one for the other in the capacity of agent. C. & M. Digest, § 4146.

There are other questions discussed by the parties, but they will probably not arise in another trial, and we deem it unnecessary to discuss them here. As stated by appellees, the only issue is as to the amount the parties were damaged by the taking of their property. For the errors mentioned, the judgment will be reversed, and the cause remanded for a new trial. It is so ordered.