SOUTHWESTERN WATER CO., INC. *v.* MERRITT, ET AL.

5-590                                        275 S. W. 2d 18

Opinion delivered January 24, 1955.

500

John Dale Thweatt, Albert G. Sexton and John R. Thompson, for appellant.

Barber, Henry & Thurman, Martin K. Fulk, Owens, Ehrman & McHaney, Jas. B. Reed, Milton G. Robinson, Rose, Meek, House, Barron & Nash, Chas. A. Walls, Jr., Thos. C. Trimble, Jr., for appellee.

PAUL WARD, Associate Justice. The principal question considered on this appeal is: Should the trial court deny the petition of a corporation to condemn lands for public irrigation purposes on the sole ground that its present assets appear insufficient to pay the damages to be later assessed?

The Southwestern Water Company is a corporation of this state with powers to construct and operate irrigation reservoirs and to acquire land by the right of eminent domain. On September 29, 1950 it filed a petition in the Lonoke Chancery Court to condemn 95 tracts of land (separately described) which would be flooded by a proposed dam on Two Prairie Bayou. It was alleged; that it was unable to purchase the property; that it had applied to the Arkansas Public Service Commission and received a Certificate of Convenience and Necessity; that it was necessary to start work immediately; and, that it was necessary for it to exercise its power of eminent domain. The prayer was that the lands be condemned and a jury empaneled to ascertain the amount of compensation. All those having an in-

terest in the several tracts of land were made defendants and were duly served.

On November 2, 1951 appellees propounded written interrogatories to appellant, and a response was filed on February 15, 1954. On February 23, 1954 appellees asked to have the response made more definite and certain, and this was done on March 4, 1954.

Subsequent to the last mentioned date appellees filed a motion (filing date not shown) stating they were informed appellant "does not have sufficient funds or assets to pay the damages which will be incurred in the event the properties ... are condemned", and these defendants have had a cloud on their titles for several years and have been embarrassed by this litigation. It was then asked that this cause be dismissed unless appellant, in a reasonable time, showed its financial ability to pay compensation for all reasonable damages accruing from the condemnation proceedings. Thereafter, on May 17, 1954 a hearing was held at which time the testimony of R. M. Traylor, a stockholder in appellant company, was taken relative to the financial condition of appellant. In view of the conclusion hereafter reached it suffices to say, regarding Mr. Traylor's testimony, that appellant's assets amount to around $47,000.00 at the present time, and that some of the stockholders appear financially able to put up considerable money if they should decide to do so.

At the close of the testimony the court dismissed appellant's petition apparently for reasons that (a) This same cause was filed in 1944, dismissed in 1949, and refiled September 29, 1950; and this action has been delayed from time to time and caused a cloud on the title of appellees' land, and (b) "That the plaintiff has failed to show its ability to pay any reasonable judgment." We now examine these reasons for dismissal of appellant's complaint.

(a) We are not impressed that the court relied heavily on this ground, and certainly appellees did not because they did not emphasize it in their motion to dis-

miss, introduced no evidence relative thereto, and do not urge it on appeal. At any rate we do not consider the ground sufficient reason for a dismissal. True, there appears to have been considerable delay in appellant's prosecution of its cause, but the courts have control of such matters and, if called on to do so, appellant might have provided a satisfactory explanation for the delay.

(b) Principal consideration is given to the court's action in dismissing appellant's complaint because of its lack of financial ability to pay the judgments which might be assessed. Although the record does not disclose the value of the land sought to be condemned, yet we will assume for the purpose of this opinion that it was in excess of the present physical assets of appellant. Consequently we will further assume, for the purpose of this opinion, that the Chancellor was correct in finding, as a matter of fact, that appellant failed to show itself financially able to pay the judgments that might be assessed against it in event appellees' lands were condemned and finally acquired by appellant. We do conclude from the evidence however that there is a probability that appellant could increase its assets in the future to take care of any judgments rendered against it for the value of appellees' lands. Since the above concessions are most favorable to appellees' contentions herein, it is unnecessary to discuss the testimony tending to support them.

Under the above state of facts we reach the conclusion it was reversible error to dismiss appellant's petition.

The foundation of appellees' contention in support of the Chancellor's action is the constitutional prohibition (Ark. Const. Art. 2, Sec. 22) against taking private property without just compensation. In the situation confronting us we see no possibility of appellees' having lost their land without full compensation if the court had granted the order of condemnation as prayed for in appellant's petition.

This condemnation proceeding was begun pursuant to the provisions of Act 87 of 1909 entitled "An Act Granting the Right of Eminent Domain to Irrigation Corporations." This Act now appears in Ark. Stats. § 35-1201 to § 35-1210. Sec. 5 of Act 1909 [Ark. Stats. § 35-1205] states that condemnation proceedings are governed by the law applicable to railroads as found in Kirby's Digest, Sec. 2947 to 2958—same as Ark. Stats. § 35-201 to § 35-207. The last mentioned sections provide for a jury to assess the value of the lands [as asked for here by appellant], and further provide in effect that the condemnor shall, within 30 days after the damages are assessed, pay for the lands or deposit the required amount with the court, otherwise all rights shall be forfeited.

It is the actual taking of the land without compensation and not the initial order of condemnation in such a proceeding that our constitution prohibits. Not only so, but we have consistently held that the condemnor cannot enter on the condemned lands for the purpose of appropriating them without first paying the assessed damages or putting up ample security to guarantee payment. In the case of *State Highway Commission* v. *Holden,* 217 Ark. 466, 231 S.W. 2d 113, this court, quoting with approval from *Miller County* v. *Beasley,* 203 Ark. 370, 156 S.W. 2d 791, among other things, said:

"It is our view that the act of taking is not complete when the judgment of condemnation is rendered. Since such judgment may be without notice the lawmaking body must have had in mind an order of condemnation followed by entry upon the land. Such entry, being physical and visible, affords the proprietor an opportunity to exact payment or to require a guaranteeing deposit." As was intimated in the *Holden* case, *supra,* the landowner will have his day in court when he is heard upon the question of the value of his land. In the case under consideration, if the chancellor had given appellant an order of condemnation, appellee would have had full opportunity to be heard in court regarding the value of their land, and appellant would have had no

opportunity to take said lands without making just compensation.

We are not convinced by appellees' argument that the chancellor was justified in refusing to grant appellant's petition for an order of condemnation because he concluded from the evidence introduced that appellant did not at the time have sufficient finances to pay the assessments which would later be made against it for the value of appellees' land. In support of appellees' argument they cite a number of cases such as *Casey* v. *Douglas,* 173 Ark. 641, 296 S.W. 705, *Independence County* v. *Lester,* 173 Ark. 796, 293 S.W. 743, *Madison County* v. *Nance,* 182 Ark 775, 32 S.W. 2d 1073, *Crawford County* v. *Simmons,* 175 Ark. 1051, 1 S.W. 2d 561, and *Dowdle* v. *Raney, County Judge,* 201 Ark. 836, 147 S.W. 2d 42. We think however that insofar as any expressions in these cases appear to sustain appellees' argument they can be readily distinguished.

The cases cited above to support appellees' contention deal with situations where the county was attempting to condemn private property for the construction or improvement of roads under the authority of Ark. Stats. § 76-917. This section provides generally that after the filing of a petition and thirty days notice the county court, after hearing arguments pro and con, may make an order condemning the necessary lands. It is then provided that the landowners will have the right to file a claim against the county for the value of their land any time within 12 months after the condemnation order is issued. It is also then provided that the county court or judge thereof shall have the right, as soon as the order is made, to enter upon the lands and proceed with the construction of the road. Under this proceeding this court has consistently held that where it is shown, for any reason, that the county does not have sufficient funds to pay for the land the county court has no right to make the order of condemnation. The wisdom of such holding is obvious. In effect, the order of condemnation in such instances amounts to an actual taking of the land. Such,

of course, is not the case in a proceeding like the one we have under consideration.

From the above it is clear to us that if and when the trial court grants appellant's petition for an order of condemnation and just compensation has been assessed against appellant in favor of appellees, appellant cannot in any manner take charge or possession of appellees' lands until after the adjudged compensation has been paid or secured, and this regardless of appellant's financial status at this time. This cause is therefore reversed with directions to the trial court for further proceedings not inconsistent with this opinion.

This cause was originally filed in Circuit Court and comes to us now from the Chancery Court. On remand the cause may be tried on any issues now or hereafter raised, consistent with this opinion.

Justice MILLWEE dissents; Justice GEORGE ROSE SMITH not participating.