Martha JONES *v.* John G. VOWELL, DDS,
and Robbie Atkinson, DDS

CA 06-1079 258 S.W.3d 383

Court of Appeals of Arkansas
Opinion delivered June 6, 2007

*W. Bruce Leasure*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Alan G. Bryan*, for appellee John G. Vowell, DDS.

*Angel Law Firm, PLLC*, by: *Richard L. Angel*, for appellee Robbie R. Atkinson, DDS.

KAREN R. BAKER, Judge. Appellant Martha Jones appeals from the dismissal of her dental-malpractice case against appellees Drs. John G. Vowell and Robbie Atkinson. We reverse and remand.

Appellant first sued appellees on March 7, 2001. However, she took virtually no action on her case, and it was dismissed

without prejudice on March 15, 2005, for lack of prosecution. On May 12, 2005, appellant refiled her case.

On June 2, 2006, a hearing was held in appellant's refiled case. The subject of the hearing is not stated in the record, and neither appellant nor her counsel were present at the hearing. When the case was called and appellant and her attorney were not present, court personnel "called the hall" three times, with no response. The trial judge then stated: "Okay, hall sounded, no response. Case dismissed." On June 8, 2006, an order of dismissal was entered, stating:

> On this date, Plaintiff and Defendant in the above styled action came on for hearing. The hall was sounded and the plaintiff failed to respond. Pursuant to Rule 41(b) of the Arkansas Rules of Civil Procedure, this case is hereby DISMISSED WITH PREJUDICE.

Appellant now appeals from that order and argues that the dismissal was in error for the following reasons: 1) she received no notice of the hearing and thus her due-process rights were violated; 2) the trial judge failed to inquire as to whether she received notice; 3) the trial judge did not notify her, prior to the dismissal, that he intended to dismiss her complaint, as required by Rule 41(b); 4) she was, at the time of the dismissal, actively prosecuting her case. Our standard of review is for an abuse of discretion. *Wolford v. St. Paul Fire & Marine Ins. Co.*, 331 Ark. 426, 961 S.W.2d 743 (1998).

Upon reviewing the parties' briefs and arguments, we agree with appellant that the trial court abused its discretion and that the dismissal of her case violated due process as well as Ark. R. Civ. P. 41(b). Rule 41(b) permits involuntary dismissal "in any case in which there has been a failure of the plaintiff to comply with these rules or any order of court or in which there has been no action shown on the record for the past 12 months." The availability of dismissal for "inaction" or failure to prosecute is a tool for trial courts to dispose of cases "filed and forgotten." *Prof'l Adjustment Bureau, Inc. v. Strong*, 275 Ark. 249, 251, 629 S.W.2d 284, 285 (1982). However, appellant's case did not fall into that category. During the approximately twelve-month period between the filing of her complaint and the dismissal, appellant propounded discovery, responded to motions, answered discovery (although, according to appellees, in an unsatisfactory manner), and sat for a deposition (which was discontinued part-way

through).[1] In fact, her last activity occurred a little more than two weeks before the hearing when she responded to appellee Vowell's motion to compel and filed her own motion to compel. Given these facts, it cannot be said that there was "no action shown on the record for the past 12 months." *See* Ark. R. Civ. P. 41(b).

Rule 41(b) also provides that "the court shall cause notice to be mailed to the attorneys of record, and to any party not represented by an attorney, that the case will be dismissed for want of prosecution unless on a stated day application is made, upon a showing of good cause, to continue the case on the court's docket." No such notice was sent here. Appellees cite cases recognizing a court's inherent power to dismiss for failure to appear or failure to prosecute without prior notice of dismissal, but those cases are distinguishable from the case at bar. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962) (upholding dismissal where the petitioner's counsel failed to attend a pretrial conference that he knew about but which, he contended, he was too busy to attend); *Florence v. Taylor*, 325 Ark. 445, 928 S.W.3d 330 (1996) (dismissing the plaintiffs' complaint when they failed to appear for a jury trial that they knew had been scheduled); *Insurance from CNA v. Keene Corp.*, 310 Ark. 605, 839 S.W.2d 199 (1992) (dismissing where CNA disobeyed the court's order to substitute itself as the real party in interest within ten days); and *Gordon v. Wellman*, 265 Ark. 914, 582 S.W.2d 22 (1979) (dismissing where a case remained pending over thirteen years with only intermittent activity).

 Unlike the long period of inactivity in *Gordon*, which the court characterized as a "virtual hibernation," this case had been pending for approximately one year at the time of dismissal, with ongoing activity in the case. And, unlike the willfully disobedient behavior or outright disregard displayed by the parties in *Link*, *Florence*, and *CNA*, the appellant in this case did not pointedly disobey a court order or refuse to attend a hearing about which she had unquestionably been notified. As the Supreme Court recognized in *Link*, the circumstances of a case should be

---

[1] Appellant unquestionably failed to actively prosecute her case in her first filing, which was ultimately dismissed, but we do not consider her lack of activity in that case as relevant to whether she actively prosecuted this case. We note that appellees' counsel agreed during oral argument that appellant's dilatory conduct in the first case was "water under the bridge."

considered in determining whether to provide advance notice that dismissal is being considered:

> It is true, of course, that "the fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked." *Anderson National Bank v. Luckett*, 321 U.S. 233, 246. But this does not mean that every order entered without notice and a preliminary adversary hearing offends due process. *The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct.* The circumstances here were such as to dispense with the necessity for advance notice and hearing.

370 U.S. at 632 (emphasis added). The circumstances in the present case involve a dismissal based upon appellant's failure to attend a hearing. Further, the record does not indicate that the trial court conducted a review of the record or made an inquiry, prior to dismissal, to determine whether appellant had notice, as was done in *Gore v. Heartland Community Bank*, 356 Ark. 665, 158 S.W.3d 123 (2004). We therefore conclude that this case called for the trial court to comply with Rule 41(b) and give notice of its intention to dismiss. *See also S.W. Water Co., Inc. v. Merritt*, 224 Ark. 499, 275 S.W.2d 18 (1955) (acknowledging, in a case decided prior to Rule 41(b), the value of permitting a party to explain the reason for any delay in prosecution).

█ Appellees urge us however, to consider the possibility that appellant's case was not dismissed under Rule 41(b) for failure to prosecute but was instead dismissed for failure to comply with discovery rules. *See* Ark. R. Civ. P. 37(d) (2007) (listing dismissal among several possible sanctions for certain discovery violations). Clearly, there were pending discovery issues to be resolved in this case. At the time of the hearing, appellee Vowell had filed a motion to compel in which he sought from appellant answers to requests for production and additional answers to interrogatories. Vowell also noted in his motion that both he and Atkinson had attempted, by letter, to obtain further information from appellant about her case, to no avail. The motion requested costs and fees as sanctions, the entry of an order to compel, and, if the order was not complied with, dismissal. However, we see no indication in the court's statements at the hearing or in the court's order that discovery violations were contemplated as a basis for dismissal. Nor do we

believe it is our province to conclude, without benefit of a clear ruling by the trial court, that the "extraordinary" discovery sanction of dismissal was warranted in this case. *See Coulson Oil Co. v. Tully*, 84 Ark. App. 241, 139 S.W.3d 158 (2003) (recognizing that discovery sanctions such as dismissal are extraordinary and should be used sparingly, usually in the case of flagrant violations). We therefore decline to adopt this reasoning as justification for the court's summary dismissal.

We next consider the possibility that the trial court dismissed appellant's case simply because of her failure to appear at the hearing. A trial court has the power to dismiss a case when a party fails to appear, *Florence, supra*. However, unlike the plaintiff in *Florence*, who failed to appear for a trial that her attorney indisputedly knew had been scheduled, this appellant asserts that neither she nor her attorney received notice of the hearing. The record includes no document or letter showing that notice of the hearing was sent to appellant or her attorney, despite appellant's having designated as the record on appeal "all of the Circuit Court record, and the transcript of the hearing held on June 6 [sic], 2006." It therefore appears on this record that appellant's case was dismissed based on her failure to attend a hearing of which she had no notice, which violates one of the basic tenets of due process. *See Florence, supra*.

On this point, appellees argue that appellant's claim of lack of notice is procedurally barred because she has not produced a record showing that she, in fact, did not receive notice. *See generally Jones v. Jones*, 43 Ark. App. 7, 858 S.W.2d 130 (1993) (holding that the burden is on the appellant to bring up a record sufficient to demonstrate error). However, the difficulty faced by appellant in this particular situation is obvious, *i.e.,* proving that something does *not* exist. We believe that, under the circumstances, appellant did what she was required to do to demonstrate error to this court. She ordered the entire circuit court record, which does not show that notice was sent, and she ordered a transcript of the hearing, which likewise offers no indication that notice was sent.[2]

---

[2] In *Gore, supra*, which involved an appellant who claimed he had not received notice of a hearing, the appellee supplemented the record to include a copy of a hearing notice sent to the appellant. Appellees in this case supplemented the record but included no notice of the hearing in their supplemented record.

■ It is further argued by appellees that appellant was not prejudiced by any lack of notice because she had responded in writing to Vowell's motions. This argument misses the point. Appellant is not complaining that she never had the opportunity to respond to Vowell's motions; rather, her complaint is that her case was summarily dismissed on the erroneous premise that she intentionally failed to appear or failed to prosecute her case. The prejudice that she suffered was dismissal of her case, not that she was precluded from addressing Vowell's arguments.

■ Appellees also claim that appellant is raising her notice argument for the first time on appeal. *See, e.g., Parker v. Perry*, 355 Ark. 97, 131 S.W.3d 338 (2003) (refusing to consider a new argument on appeal as to why summary judgment was improper); *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003) (refusing to consider on appeal certain arguments that the appellant had not made in her response to the appellees' motion to dismiss); *Oglesby v. Baptist Med. Sys.*, 319 Ark. 280, 891 S.W.2d 48 (1995) (refusing to consider for the first time on appeal the appellant's argument that an affidavit supporting the appellee's motion for summary judgment was improper). However, unlike the appellants in those cases, the appellant here had no opportunity, prior to entry of the court's ruling, to assert her argument. The record supports appellant's contention that she did not know until after the entry of the final order that her case had been dismissed. She therefore had no reason, prior to the dismissal of her case, to apprise the trial court of any argument regarding lack of notice. As for appellees' contention that appellant should have filed a postjudgment motion to inform the court that she had not received notice, we do not believe that such a motion was required. Had the trial court inquired, before dismissing the case, as to whether appellant had been notified of the hearing, or had the court notified appellant that it intended to dismiss her case, as contemplated by Rule 41(b), the question of whether appellant received notice of the hearing would have been before the court. In other words, the trial court had the means to determine the situation regarding notice or lack thereof but instead dismissed the case without inquiry. Although appellant might have explained her circumstances in a postjudgment motion, nothing required that she do so.

For the reasons stated, the trial court's order of dismissal is reversed and remanded.

BIRD and VAUGHT, JJ., agree.