

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–15–748

| | |
|---|---|
| JOSEFINA RENTEVIA VILLANUEVA<br><br>APPELLANT<br><br>V.<br><br>ALEJANDRO VALDIVIA<br><br>APPELLEE | Opinion Delivered: FEBRUARY 17, 2016<br><br>APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT<br>[NO. 30DR–15–57–1]<br><br>HONORABLE CHRIS E WILLIAMS, JUDGE<br><br>AFFIRMED |

## KENNETH S. HIXSON, Judge

This is a divorce case. Appellant Josefina Rentevia Villanueva and appellee Alejandro Valdivia were married in February 2008 and separated in either February 2010 or February 2011.[1] The parties have three children who were born out of wedlock prior to their marriage and who now range in age from eleven to fourteen. After the parties' separation, Alejandro remained in Malvern, Arkansas, and Josefina moved out of state. Josefina currently lives in Baytown, Texas.

Alejandro filed a complaint for divorce in Hot Spring County Circuit Court on March 4, 2015. In his complaint, Alejandro requested custody of the children and an equitable division of the parties' property. In an attached U.C.C.J.E.A. affidavit, Alejandro stated that, since the parties' separation, the children had primarily resided with Josefina, but

---

[1] Alejandro's complaint for divorce stated that the parties separated in February 2010, but he testified that their separation was in February 2011.

that for the last ten months the children had lived with him. Also on March 4, 2015, Alejandro filed a motion for ex parte emergency temporary custody. In that motion, he alleged that on March 3, 2015, Josefina came and "snatched" the children from his home. Alejandro believed that Josefina had left the state with the children, and he asked that she be ordered to return them, asserting that Josefina was unstable in her residence, employment, and relationships. A notice of hearing was subsequently filed on April 30, 2015, setting a hearing on the temporary custody matters for June 8, 2015.

Josefina was served with a summons and the divorce complaint on May 6, 2015. The summons provided that Josefina was required to file an answer within thirty days or that the relief requested in the complaint may be granted against her. The deadline for filing an answer was Friday, June 5, 2015. It is undisputed that Josefina did not file a response to the complaint for divorce.

Along with the complaint and summons, Josefina was also served with the notice of hearing for temporary custody. Josefina did not respond to the motion for temporary custody. The hearing was held on the following Monday, June 8, 2015.

At the hearing, the trial court determined that Josefina had failed to timely file a responsive pleading to the complaint for divorce and custody. The trial court ordered the bailiff to search the courthouse for Josefina. The bailiff returned and announced that Josefina was not present. The trial court then took testimony from Alejandro and his witnesses. Alejandro testified to the grounds for divorce, child custody, and property issues, and his witnesses generally provided corroboration. At the conclusion of the hearing, the trial court entered a divorce decree awarding Alejandro custody of the children, subject to Josefina's

reasonable visitation.  The trial court also ordered Josefina to pay child support based on a minimum imputed income, and it divided the parties' property, allowing each party to keep what was in his or her possession.

Josefina now appeals from the decree of divorce.  Her primary argument on appeal is that entry of a final decree was error and violated her due-process rights because the notice she received setting the June 8, 2015 hearing date indicated that it was a temporary hearing as opposed to a final hearing.  We conclude that Josefina was not denied due process, and we affirm.

The record shows that, on May 6, 2015, Josefina was personally served with the summons, divorce complaint, motion for ex parte emergency temporary custody, U.C.C.J.E.A. affidavit, and a notice of hearing prepared by Alejandro's counsel.  The summons clearly stated on its face that Josefina had thirty days to respond to the summons and complaint. The deadline for filing a timely answer was Friday, June 5, 2015.  The notice of hearing provided:

> You are hereby notified that the Plaintiff will apply to the Circuit Court of Hot Spring County, Arkansas on Monday, June 8, 2015, at 9:00 a.m. for a one (1) hour temporary hearing for, but not limited to the Plaintiff's Complaint for Divorce and Motion for Ex-Parte Emergency Temporary Custody.  You should appear and show, if any reason you have, why said relief should not be granted.
> Current Affidavits of Financial Means will be required from both parties and are presented to the Judge at the opening of court.

At the June 8, 2015 hearing, Alejandro testified that he and Josefina had separated in 2011.  He stated that he has been living in Malvern since 1998 and has maintained steady employment.  Alejandro has a two-bedroom apartment, but he stated that he would move to a three-bedroom apartment if awarded custody of the children.  Alejandro testified that

in May 2014, his youngest child was already living with him and that Josefina brought the older two children to live with him, stating that she had a boyfriend and that the children were "kind of in their way." Alejandro testified that, on March 3, 2015, while he was at work, Josefina came to his house and took the children. The children have remained with her ever since. Alejandro testified that the parties each possessed a truck that had been purchased during the marriage, and he had no objection to each of them keeping their respective vehicles and other items of personal property.

Alejandro's brother also testified at the hearing. Alejandro's brother corroborated the fact that the parties had separated about four years earlier. He also testified that Alejandro was a good father to his children.

In this appeal, Josefina argues that entry of the divorce decree violated her due-process rights because the hearing notice clearly stated that the June 8, 2015 hearing was to be only a *temporary* hearing. She complains that, instead of a temporary hearing, the trial court elected to proceed on the final merits of the case, awarding custody to Alejandro and dividing marital property. Citing *Davis v. University of Arkansas Medical Center & Collection Service, Inc.*, 262 Ark. 587, 559 S.W.2d 159 (1977), Josefina contends that a trial court cannot change the purpose of a hearing without giving the parties prior notice of its intent to do so.

In *Kimmons v. Kimmons*, 1 Ark. App. 63, 613 S.W.2d 110 (1981), we recognized a parent's custodial rights as fundamental rights protected by the due-process clause of the federal and state constitutions. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Tsann Kuen*

*Enters. Co. v. Campbell*, 355 Ark. 110, 129 S.W.3d 822 (2003). An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Id.*

Applying the above standards, Josefina argues that because the notice she received only advised her of a request for temporary, and not final, relief, she was denied due process. Josefina asserts that, had she been apprised of the true purpose of the hearing, she would have defended her custody rights more zealously.

Under the circumstances presented in this case, we hold that there was no due-process violation. It is undisputed that, after being served with the summons and divorce complaint, Josefina failed to file a timely answer within thirty days as required by Rule 12(a)(1) of the Arkansas Rules of Civil Procedure, or otherwise make any appearance in the case. In *RLI Insurance Co. v. Coe*, 306 Ark. 337, 813 S.W.2d 783 (1991), the supreme court stated that notice that a lawsuit is pending is the notice required to satisfy the due-process requirement. Here, Josefina was given such notice on the face of the summons, and she was afforded the opportunity to be heard. Instead, she chose not to file an answer or make an appearance, and after a hearing the divorce decree was entered.[2]

---

[2] Although Josefina was clearly in default at the time of the hearing and entry of the divorce decree, the decree was based on the evidence presented to the court and was technically not a true default judgment. In *Dengler Dengler*, 196 Ark. 913, 120 S.W.2d 340 (1938), the supreme court held that because all material facts must be established by proof in a divorce action, a divorce decree entered without the defendant having appeared is not a true default.

Although Josefina relies on *Davis*, *supra*, in asserting a due-process violation, that case is clearly distinguishable. In that case, Mr. Davis answered the complaint against him, and the trial court subsequently set a hearing on Mr. Davis's motion to compel discovery. At the conclusion of the hearing, rather than rule on the motion, the trial court entered judgment against Mr. Davis in the amount sought by the plaintiffs in their complaint. Mr. Davis appealed, contending that he was denied due process when the trial court prematurely awarded judgment to the appellees at the hearing on his motion to compel, and exceeded its authority by treating the hearing as a trial on the merits. The supreme court agreed, holding that there was a due-process violation, and reversed and remanded for a hearing on the merits. The pivotal difference between *Davis* and the instant case is that, unlike Mr. Davis, Josefina failed to timely answer the complaint or appear in the case at all.

Although not directly on point, our supreme court's decision in *McGraw v. Jones*, 367 Ark. 138, 238 S.W.3d 15 (2006), is instructive. In that case, the defendant doctor was sued for malpractice but failed to answer. Thereafter, the trial court entered a default judgment, scheduled a hearing, and awarded damages. The doctor argued that due process entitled her to notice of the damages hearing, but the supreme court disagreed, stating that "defendants suffering from default judgments *have* been given notice of the pending suit through service of the original complaint and summons." *Id.* at 146, 238 S.W.3d at 21 (emphasis in the original). The supreme court stated further that "such defendants are presumed to know that if they do not respond, they will suffer default judgments and may



suffer a monetary judgment against them. Thus, the requirements of due process are met[.]"

*Id.*

In the present case, Josefina received the divorce complaint and summons advising her that failing to respond within thirty days would result in judgment being entered against her for the relief demanded in the complaint. She failed to timely answer after having been given notice of the pending suit and an opportunity to be heard. The hearing and divorce decree came after Josefina's time to file an answer had expired. Under such circumstances, we cannot conclude that Josefina's due-process rights were violated.

Josefina also makes a brief argument that this court should consider the effect of Arkansas Code Annotated section 9–10–113(a) and (b) (Repl. 2015), which provides:

> (a) When a child is born to an unmarried woman, legal custody of that child shall be in the woman giving birth to the child until the child reaches eighteen (18) years of age unless a court of competent jurisdiction enters an order placing the child in the custody of another party.
> (b) A biological father, provided he has established paternity in a court of competent jurisdiction, may petition the circuit court in the county where the child resides for custody of the child.

Josefina posits that all three children were born to her before she married Alejandro, and thus that Alejandro was required to overcome subsection (a) of the above statute. Josefina also asserts that, prior to entry of the divorce decree, paternity of the children had not been established.

We cannot agree with Josefina's final argument. Arkansas Code Annotated section 9–10–113 is part of the Paternity Code, and its applicability does not extend to divorce decrees. *See Office of Child Support Enf't v. Williams*, 338 Ark. 347, 995 S.W.2d 338 (1999). Moreover, in Alejandro's divorce complaint, he alleged that he was the father of the

children.  This allegation went uncontested by Josefina, and the divorce decree stated that Alejandro was the father.  Thus, we conclude that this point presents no grounds for reversal.

Affirmed.

KINARD and WHITEAKER, JJ., agree.

*Tapp Law Firm, P.A.*, by: *Tyler C.M. Tapp III*, for appellant.

*Sherry Burnett*; and *Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellee.