
# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CV-16-146

| | |
|---|---|
| | **Opinion Delivered** November 30, 2016 |
| TRAVIS SEXTON, CHRISTINA BARGIEL, and BEAVER LIQUOR, INC.<br>APPELLANTS | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. CV-13-0901] |
| V. | |
| SCOTT SOWELL, LYNN SOWELL, and TOWN & COUNTRY, LLC<br>APPELLEES | HONORABLE JAMES O. COX, JUDGE<br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellants Travis Sexton, Christina Bargiel, and Beaver Liquor, Inc., appeal the Crawford County Circuit Court's October 22, 2015 order granting summary judgment in favor of appellees Scott Sowell, Lynn Sowell, and Town & Country, LLC. Appellants argue that the circuit court's damage award was clearly erroneous. Because the appellants' argument on appeal is not preserved, we affirm.

This case involves the purchase of a liquor store located in Fort Smith, Arkansas. In May 2012, appellants and appellees entered into an asset-purchase agreement, whereby appellants agreed to pay appellees $450,000 for the store assets. Appellants paid appellees $80,000 at closing, with the remaining $370,000 to be paid pursuant to a promissory note executed by appellants contemporaneously. The note provided that appellants were to make monthly payments of $7,153.14 to appellees beginning July 15, 2012, and continuing for sixty months until paid in full. Appellants also contemporaneously executed and delivered to

SLIP OPINION

appellees a security agreement, pledging all of the assets of the store as collateral for payment of the indebtedness. Finally, the parties executed an assignment of sublease, wherein appellees assigned their rights, title, and interest pursuant to a sublease of the store premises to appellants.

From July 2012 through April 2013, appellants made the required payments pursuant to the asset-purchase agreement, although some of the payments may not have been timely. In May 2013, appellant Travis Sexton asked appellee Scott Sowell if he would accept half of the May payment, and Sowell agreed. Appellants made the June and July 2013 payments.

Around midnight on August 11, 2013, Sowell texted Sexton and asked for a meeting. At that meeting, Sowell told Sexton that appellees had repossessed the assets and had changed the locks at the store.

Appellants filed a complaint for breach of the asset-purchase agreement and for conversion against appellees on September 18, 2013.[1] Appellees answered and filed a counterclaim, alleging that appellants had breached the asset-purchase agreement and the sublease. Thereafter, appellees filed a motion for summary judgment claiming that notice prior to their repossession of the assets was not required pursuant to the asset-purchase agreement and the assignment of sublease/sublease. Appellants filed a competing motion for summary judgment on September 11, 2015, arguing that the facts were undisputed that appellees breached the asset-purchase agreement by repossessing the store without notice.

---

[1]On October 8, 2015, appellants filed an amended complaint, adding a claim for unjust enrichment.

On October 19, 2015, the circuit court issued a letter opinion denying appellants' motion for summary judgment and granting appellees' motion. The court found that based on the contracts executed by the parties, the facts were undisputed that appellants were in breach and that appellees were not required to provide notice prior to repossessing the assets. The circuit court granted appellees rescission of the contracts, awarding appellees possession of the assets, which it found had retained their $450,000 purchase-price value. The court awarded no other damages, finding that appellees' repossession expenses of approximately $81,324.13 were offset by appellants' $80,000 down payment. On October 22, 2015, the circuit court issued an order granting summary judgment in favor of appellees.[2]

On November 3, 2015, pursuant to Arkansas Rule of Civil Procedure 52(b), appellants filed a motion to amend findings of fact and order granting summary judgment. They argued, for the first time, that the circuit court, when it rescinded the contracts, should have restored the status quo by accounting for the monthly payments they had made against the promissory note, entitling them to an award of $91,666.69.[3]

On November 19, 2015, appellants filed a notice of appeal from the October 22, 2015 summary-judgment order. Thereafter, appellees, on November 30, 2015, filed a response to appellants' motion to amend findings of fact and order granting summary judgment, requesting the circuit court to remove all references to rescission in its order because neither

---

[2]The summary-judgment order disposes of appellants' conversion and unjust-enrichment claims.

[3]Appellants argued that to restore the parties to the status quo, they were entitled to $80,000 for their down payment plus $92,990.82 for the monthly payments they had made for a total of $172,990.82 and that appellees were entitled to $81,324.13 for their repossession expenses. The difference is $91,666.69.

party requested rescission. On December 7, 2015, the circuit court entered an amended order granting summary judgment, which was identical to the October 22, 2015 summary-judgment order except it contained no rescission findings. Appellants did not file an amended notice of appeal from the December 7, 2015 order.

On appeal, appellants raise the argument they made in their November 3, 2015 Rule 52(b) posttrial motion to amend. They contend that, based on the circuit court's rescission of the contracts, it erred in failing to account for the monthly payments they made against the asset-purchase agreement and in failing to award them $91,666.69 to restore the status quo. We cannot reach the argument because it is not preserved for appeal.

Arkansas Rule of Civil Procedure 52(b)(1) provides that if the court neither grants nor denies the motion within thirty days of the date on which it is filed, it shall be deemed denied as of the thirtieth day. Ark. R. Civ. P. 52(b)(1) (2016). Here, the circuit court did not take action on appellants' motion to amend within the thirty-day window; thus, the motion was deemed denied on December 3, 2015.

Because appellants' November 19, 2015 notice of appeal was filed before the disposition of their motion to amend, the notice is treated as filed on December 4, 2015, the day after their motion to amend was deemed denied. Ark. R. App. P.–Civ. 4(b)(2) (2016). Pursuant to Rule 4(b)(2), appellants' notice of appeal was effective to appeal *only* the underlying order, in this case the October 22, 2015 order granting summary judgment. Ark. R. App. P.– Civ. 4(b)(2).[4] *See Tate-Smith v. Cupples*, 355 Ark. 230, 244, 134 S.W.3d 535, 543 (2003) (holding

---

[4]The Addition to Reporter's Notes to Rule 52, 1999 Amendment, provides further explanation of the rule, stating that the effect of paragraph (b)(2) is to suspend a premature

SLIP OPINION

that when a posttrial motion has been deemed denied, the only appealable matter is the original order). Here, appellants' argument on appeal was made for the first time *after* the circuit court's entry of the October 22, 2015 order granting summary judgment. They could not have made the rescission-damages argument prior to the entry of the October 22, 2015 because neither party pled or argued for rescission at trial.

Appellants' argument on appeal stems from the deemed denial of their November 3, 2015 motion to amend factual findings and order granting summary judgment. According to Rule 4(b)(2), a party who seeks to appeal from the denial of the Rule 52(b) motion shall, within thirty days, amend the previously filed notice. Ark. R. App. P.–Civ. 4(b)(2). *See* Addition to Reporter's Notes to Rule 52, 1999 Amendment (stating that a party seeking to appeal from disposition of the posttrial motion must amend the original notice to so indicate).

Appellants did not file an amended notice of appeal from the denial of its November 3, 2015 motion to amend. Therefore, their argument on appeal—the one they made only in their motion to amend—is not preserved. *See Vibo Corp. v. State ex rel. McDaniel*, 2011 Ark. 124, at 12–13, 380 S.W.3d 411, 420–21 (citing Rule 4(b)(2) and holding that the appellant failed to preserve its argument on appeal where its notice of appeal was filed prior to the disposition of its motion to amend and was treated as filed on the day after the motion was deemed denied; that notice was effective to appeal only the underlying judgment; and the appellant failed to amend the previously filed notice of appeal to include an appeal from the denial of its motion to amend or alter the judgment); *Tate-Smith*, 355 Ark. at 244 n.3, 134 S.W.3d at 543 (holding

notice until the motion is ruled on or deemed denied, and a new notice is not necessary to appeal the underlying case.

that when a posttrial motion has been deemed denied, the only appealable matter is the original order and that any previously filed notice of appeal must be amended to appeal from the deemed-denied motion). Accordingly, we are precluded from reaching appellants' point on appeal because it is not preserved. We must affirm.[5]

Affirmed.

ABRAMSON and BROWN, JJ., agree.

*Parker Law Firm, PLLC*, by: *Stephen C. Parker, Jr.*, for appellants.

*Hardin, Jesson & Terry, PLC*, by: *Robert M. Honea*; and *Witt Law Firm, P.C.*, by: *Neva B. Witt*, for appellees.

---

[5]It is of no significance that the circuit court entered an amended order granting summary judgment on December 7, 2015. The order was ineffective as to arguments made by appellants in their motion to amend because that motion had already been deemed denied.