LARRY D. VAUGHT, Judge *152 Dwight C. Jones appeals the foreclosure decree entered by the Yell County Circuit Court on July 14, 2017, in favor of Centennial Bank f/k/a Liberty Bank of Arkansas (Centennial Bank). On appeal, Dwight raises multiple arguments in support of reversal: (1) he was not provided notice of the foreclosure hearing in violation of his due-process rights; (2) Centennial Bank failed to plead waiver of his right of redemption in its foreclosure complaint; (3) Centennial Bank failed to comply with 12 C.F.R. § 1024.36 ; and (4) the multipurpose note and security agreement did not contain a legal description of the foreclosed property. We hold that Dwight's due-process rights were violated when he was denied the opportunity to attend the foreclosure hearing; therefore, we reverse and remand.
On December 25, 2015, Margaret died. On May 1, 2017, Centennial Bank filed a complaint for foreclosure against the administrator of Margaret's estate, Dwight, and the Commissioner of State Lands.[2] The complaint alleged that Margaret and Dwight were the owners of the property, they had executed mortgages in favor of Centennial Bank, and they had granted Centennial Bank a security interest in the property. The complaint further alleged that Margaret ceased making monthly payments to Centennial Bank, she was in arrears despite demands for payments, and Centennial Bank elected to declare the entire principal and accrued interest due based on Margaret's default. Centennial Bank sought judgment of the unpaid principal of $27,952.93, plus interest, late fees, and expenses in rem against the administrator of Margaret's estate. Centennial Bank further requested that its lien be foreclosed and the property sold should the estate fail to pay the judgment within a time specified by the circuit court.
The record reflects that all three defendants were served with the foreclosure complaint; specifically, Dwight was personally served with the complaint on May 12, 2017. Dwight filed a timely pro se response to the complaint on June 12, 2017. Dwight stated in his response that his name is on the deed to the property; he had made payments on the loan in question; he had *153 requested information about the loan from Centennial Bank, but the bank would not talk to him; he requested access to the loan papers; and he did not want to default on the land and would "secure said debt paid in full and or secure a debt on such lands to satisfy any and all part[ies]...."
The record further reflects that on July 14, 2017, the circuit court held a foreclosure hearing. There is nothing in the record to suggest that Dwight was notified of this hearing. In attendance were counsel for Centennial Bank and Centennial Bank senior loan officer, Mark Rezanka. Centennial Bank's counsel reported to the circuit court that the administrator of Margaret's estate and staff counsel for the Commissioner of State Lands had approved a proposed foreclosure decree. Counsel for Centennial Bank further advised the court that Dwight had filed an answer but was not at the hearing. The court asked the bailiff to call for Dwight outside the courtroom. The bailiff did and reported that there was no response. The circuit court stated, "No response. All right. Well, we're going to take, I guess, testimony for the record."
On the morning of July 19, 2017, Barnett filed a notice of sale stating that the property would be offered for public sale on August 16, 2017. On the afternoon of July 19, 2017, Dwight, still proceeding pro se, filed a document with no title asserting that he had filed a timely response to the foreclosure complaint, yet was not provided notice of the foreclosure hearing. He stated that he was "in wonder of how such a hearing and or meeting could take place without his knowledge or being notified." He further stated that he had owned and possessed the property for fifteen years and prayed that the court "stop any and all proceedings on such matter until the involving issues can be resolved." Centennial Bank did not respond to Dwight's filing. On August 14, 2017, Dwight filed a notice of appeal of the July 14, 2017 foreclosure decree. This appeal followed.
In bench trials, the standard of review on appeal is not whether there is substantial evidence to support the findings of the circuit court, but whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. Parker v. BancorpSouth Bank , 369 Ark. 300, 305, 253 S.W.3d 918, 922 (2007). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. Id. , 253 S.W.3d at 922.
Dwight's first point on appeal is that his due-process rights were violated when he was not provided notice of the foreclosure hearing. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Villanueva v. Valdivia , 2016 Ark. App. 107, at 4, 483 S.W.3d 308, 310-11 (citing Tsann Kuen Enters. Co. v. Campbell , 355 Ark. 110, 117-118, 129 S.W.3d 822, 826 (2003) ). An elementary and fundamental requirement of due process in any proceeding that is to be accorded *154 finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Id. at 5, 483 S.W.3d at 311.
In Jones v. Vowell , 99 Ark. App. 193, 200, 258 S.W.3d 383, 388 (2007), the appellant's dental-malpractice case was dismissed with prejudice pursuant to Arkansas Rule of Civil Procedure 41(b) because she failed to attend a hearing. On appeal, she contended that the dismissal was in error because she received no notice of the hearing, which violated her due-process rights, and that the circuit court abused its discretion in dismissing her complaint under Rule 41(b). 99 Ark. App. at 196, 258 S.W.3d at 385. On appeal, specifically on the due-process point, our court reversed and remanded, holding that based on the record in that case, the dismissal of the appellant's case was based on her failure to attend a hearing for which she had no notice-a violation of one of the basic tenets of due process. Id. at 199, 258 S.W.3d at 387.
Likewise, in the case at bar, we hold that the foreclosure decree was entered following a foreclosure hearing for which Dwight had no notice-a violation of his due-process rights. Dwight ordered the complete record on appeal. The record demonstrates that Dwight was served with the foreclosure complaint and timely filed an answer to it. The next event in the record was the foreclosure hearing. There is no hearing notice in the record. At the hearing, counsel for Centennial Bank advised the circuit court that Dwight filed an answer. The circuit court asked the bailiff to call for Dwight, and when the court learned that Dwight was not present, the court proceeded by taking testimony from the bank's witness. The circuit court did not ask Centennial Bank's counsel whether Dwight had been notified of the hearing despite having already been advised by the bank's counsel that he had communicated with the other defendants about the proposed foreclosure decree. In sum, the record does not demonstrate that notice of the foreclosure hearing was sent to Dwight or that he had knowledge of the hearing. Significantly, at the hearing or on appeal, Centennial Bank did not and does not argue that Dwight had notice of the hearing.[3]
Centennial Bank argues Dwight's due-process argument is not preserved for appeal. The bank contends that Dwight's unnamed July 19 filing was a Rule 60 motion to vacate, alter, or amend the judgment; it was deemed denied on August 18; the deadline in which to file an amended notice of appeal to argue the lack-of-notice issue-raised only in his postdecree motion-was September 18; and he did not file an amended notice of appeal. Citing Arkansas Rule of Appellate Procedure-Civil 4(b), Centennial Bank further asserts that because Dwight failed to amend his notice of appeal, he cannot raise his due-process argument on appeal.
Arkansas Rule of Appellate Procedure-Civil 4(b) provides:
(b) Extension of Time for Filing Notice of Appeal.
(1) Upon timely filing in the circuit court of a motion ... to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing *155 of the last motion outstanding. However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.
(2) A notice of appeal filed before disposition of any of the motions listed in paragraph (1) of this subdivision shall be treated as filed on the day after the entry of an order disposing of the last motion outstanding or the day after the motion is deemed denied by operation of law. Such a notice is effective to appeal the underlying judgment, decree, or order. A party who also seeks to appeal from the grant or denial of the motion shall within thirty (30) days amend the previously filed notice, complying with Rule 3(e). No additional fees will be required for filing an amended notice of appeal.
In the instant case, on July 19, within ten days of the entry of the foreclosure decree, Dwight filed an unnamed postdecree pleading. In that pleading, he advised the circuit court that he had not been notified of the foreclosure hearing and had no knowledge of it, and he asked the court to stop any and all proceedings in the case. Centennial Bank characterizes the unnamed pleading as a Rule 60 motion.[4] We agree. While Dwight did not expressly request the court to vacate, alter, or amend the foreclosure decree, any relief to which he may have been entitled would have necessarily required that the decree be vacated, altered, or amended. Therefore, Dwight's filing of the July 19 motion extended the time for filing the notice of appeal. Ark. R. App. P.-Civ. 4(b)(1).
No order was entered by the circuit court on Dwight's Rule 60 motion, and the motion was deemed denied on August 18, 2017. Id. On August 14, 2017, Dwight filed a notice of appeal from the foreclosure decree. Pursuant to Rule 4(b)(2), a "notice of appeal filed before the disposition of [a motion to vacate, alter, or amended the judgment] shall be treated as filed on the day after the entry of an order disposing of the last motion outstanding or the day after the motion is deemed denied by operation of law." Therefore, Dwight's August 14, 2017 notice of appeal is treated as though it was filed on August 19, 2017, the day after his motion was deemed denied. According to Rule 4(b)(2), Dwight's notice of appeal "is effective to appeal from the underlying judgment." Ark. R. App. P.-Civ. 4(b)(2) ; see also Sexton v. Sowell , 2016 Ark. App. 574, at 4-5, 506 S.W.3d 889, 892.
Rule 4(b) further provides that "[a] party who also seeks to appeal from the grant or denial of the [postjudgment] motion shall within thirty (30) days amend the previously filed notice...." Ark. R. App. P.-Civ. 4(b)(2). Dwight did not file an amended notice of appeal from the deemed denial of his Rule 60 motion. Therefore, Dwight's due-process argument is not preserved for appeal via his Rule 60 motion. Ark. R. App. P.-Civ. 4(b)(2). Sexton , 2016 Ark. App. 574, at 5-6, 506 S.W.3d at 892 ; Gore v. Heartland Cmty. Bank , 356 Ark. 665, 673, 158 S.W.3d 123, 128 (2004).
Nevertheless, Dwight's due-process argument is preserved for appeal. In Jones , the appellees also argued that the appellant's due-process argument was not preserved because she raised it for the first *156 time on appeal. We rejected the argument, holding that she had no opportunity prior to the entry of the dismissal order to assert the argument. Jones , 99 Ark. App. at 200, 258 S.W.3d at 388. We stated:
The record supports appellant's contention that she did not know until after the entry of the final order that her case had been dismissed. She therefore had no reason, prior to the dismissal of her case, to apprise the trial court of any argument regarding lack of notice.
Likewise, Dwight had no opportunity, prior to the entry of the foreclosure decree, to raise the due-process argument.
Centennial Bank also argues that if a party elects to file a postjudgment motion-as Dwight did-he must do it correctly and file an amended notice of appeal if the party wants to appeal the issues raised in the motion. The bank cites Bayer CropScience LP v. Schafer , 2011 Ark. 518, 385 S.W.3d 822, and Wilson v. Powers , 2012 Ark. App. 351, 415 S.W.3d 599, for support. We disagree.
In Jones , we also held that the appellant was not required to file a postjudgment motion raising the issue of lack of notice. 99 Ark. App. at 200, 258 S.W.3d at 388. This holding hinged on the fact that the appellant had no opportunity to raise that issue at trial. Further, Bayer and Wilson are distinguishable from the instant case. In Bayer and Wilson , the appellants were notified of trial and attended trial. After trial, the appellants filed posttrial motions raising arguments that were not raised at trial. Bayer , 2011 Ark. 518, at 23, 385 S.W.3d at 836-37 (posttrial motion raised the issue of an excessive punitive-damages award); Wilson , 2012 Ark. App. 351, at 7, 415 S.W.3d at 604-05 (posttrial motion questioned the amount of child support awarded). The arguments made in the posttrial motions could have been argued at trial but were not. Because the appellants had been afforded the opportunity to make their arguments below, there was no due-process issue in those cases. Unlike the appellants in Bayer and Wilson , Dwight had no opportunity prior to the entry of the circuit court's foreclosure decree to assert the due-process argument because he did not receive notice of the foreclosure hearing.
In sum, we apply our holdings in Jones to the unique facts of the case at bar. Dwight timely appealed from the foreclosure decree, which was entered against him following a hearing of which he had no notice and therefore did not attend, which resulted in a violation of one of the basic tenets of due process. Jones , 99 Ark. App. at 199, 258 S.W.3d at 387. He was not required to file a postdecree motion raising the due-process argument. Id. at 200, 258 S.W.3d at 388. Based on the narrow facts of this case, the fact that Dwight did file a posttrial motion raising the due-process argument and failed to file a timely amended notice of appeal from the deemed denial of that motion is not fatal to his appeal. Accordingly, we reverse and remand. Based on our holding, we need not address Dwight's remaining arguments on appeal.
Reversed and remanded.
The legal description of the property is: The North 1/3 of Lot 5; all of Lot 7; and the South 20 feet of Lot 9, all in Block 3, town of Dardanelle, Arkansas.
It was alleged in the complaint that the State of Arkansas had a tax lien on the property for nonpayment of 2013-2015 real property taxes.
Centennial Bank claims that Jones does not apply because it was decided based on Rule 41(b). However, as stated above, in Jones , our court addressed and ruled on the appellant's due-process argument separate from the appellant's Rule 41(b) argument.
Arkansas Rule of Civil Procedure 60(a) provides that "[t]o correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk." Ark. R. Civ. P. 60(a) (2017).